[Civ. No. 1224.    First Appellate District.—June 12, 1913.]

R. F. REYNTIENS, Respondent, v. J. W. TREADWELL REALTY CO., et al., Defendants and Appellants; ABRA-HAMSON BROS. & CO., et al., Defendants.

BROKERS—NEGOTIATION FOR LEASE—REPUDIATION BY LESSOR—RETURN OF DEPOSIT.—Where a prospective lessee pays a certain amount to the agents of the lessor as a deposit to cover the first month's rent, but the lessor, because of the delay of the lessee in securing satisfactory bondsmen, decides not to make the lease and directs the money to be returned to the lessee, the lessee may recover the amount thereof from the agents as money held for his use and benefit.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial.    A. I. McSorley, Judge presiding.

The facts are stated in the opinion of the court.

H. F. Chadbourne, for Appellants.

Emil Pohli, for Respondent.

HALL, J.—This is an appeal from a judgment and order denying appellants' motion for a new trial.

The complaint is in the common form to recover the sum of $533.50, money had and received by defendants for the use and benefit of plaintiff.

The action was dismissed as to defendants Abrahamson Bros. & Co. and Joseph Baer before issue joined.

Appellants, besides denying the allegations of the complaint, set up two counterclaims aggregating the sum of $533.50, for

which amount they prayed judgment against plaintiff. The court found all the issues in favor of plaintiff, and entered judgment accordingly.

As to the counterclaims we do not understand that appellants contend that the findings of the court as to them are not fully sustained by the evidence. Certainly no just cause appears for any such contention.

Appellants do contend, however, that the evidence does not support the findings made upon the issues made by the allegations of the complaint and the denials thereof, and also that the court should have sustained their motion for a nonsuit made at the close of the plaintiff's case.

That the evidence shows that appellants had received and had in their possession the sum of $533.50, which in equity and good conscience belonged to plaintiff, we have no doubt, and in consequence were indebted to plaintiff in that amount for money had and received to the use of plaintiff.

The litigation grows out of a transaction involving an attempt upon the part of plaintiff to obtain a lease from Joseph Baer of a building which he was then erecting in San Francisco. Baer had orally authorized Abrahamson Bros. & Co. to procure a tenant for the building at a rental of five hundred and fifty dollars per month. The evidence of Abrahamson is to the effect that he authorized appellants, as sub-agents, to secure a tenant, upon an understanding to divide the commissions. The total commission would be five hundred and fifty dollars, or one month's rental. J. W. Treadwell procured from plaintiff a written offer to take a lease for ten years at five hundred and fifty dollars per month, provided certain specified changes should be made in the plans of the building. The offer contained the provision that plaintiff would cause a satisfactory bond to be executed in the sum of five thousand dollars to secure the lessor for the term of the lease. Plaintiff, as appears by the writing, also delivered to Treadwell a check "for the sum of $100 and balance of $450 upon signing of lease as payment for the first month's rent." Subsequently, upon the representation of Treadwell that Mr. Baer desired it as an evidence of good faith, plaintiff paid to appellants the additional four hundred and fifty dollars, and took therefor the following writing: "San Francisco, April, 1907. Received from R. F. R. Reynteins five hundred and fifty, no hundredths

dollars, as deposit on building under conditions indicated on back.

"$550.                        J. W. Treadwell Realty Co.
                                "J. W. Treadwell."

The conditions on the back were as follows:

"This is a deposit on building on the so. side of Folsom Street. Rent to be $550 month, and lease to be satisfactory to R. F. R. Reynteins or this deposit to be immediately returned.

                                "J. W. Treadwell Realty Co.
                                "J. W. Treadwell."

A lease was subsequently brought to plaintiff by Treadwell and signed by plaintiff, but Baer never signed the same, but it appears that he orally had consented to the proposed terms of the lease. Plaintiff, however, had difficulty in procuring satisfactory bondsmen, and because of the delay Baer broke off negotiations and decided not to make the lease. Upon learning that the sum of five hundred and fifty dollars had been paid to appellants for a deposit for one month's rent he directed Abrahamson Bros. & Co. to return such deposit to plaintiff, and Abrahamson in turn directed appellants to the same effect. The weight of the evidence is to the effect that appellants were acting as sub-agents of Abrahamson, and expected to be paid and were in fact to be paid for their services in the matter by receiving one-half of the commissions that Abrahamson should receive from Baer, the landlord. It is not claimed by appellants that Baer was not justified in breaking off negotiations, or that Abrahamson or appellants had earned any commissions from Baer.

It is thus clear that under the facts above outlined, and which are fully supported by testimony in the record, appellants have no claim to the money which they received from plaintiff. It was not paid them as compensation for any service that they had performed or were to perform for plaintiff. It was put in their hands by plaintiff to be used as a deposit to cover one month's rent if the lease should be made, or possibly as a forfeit for failure of plaintiff to execute the lease. The money was in their hands for Baer. He, however, makes no claim thereto, but has expressly, in furtherance of his purpose to abandon negotiations for a lease with plaintiff, directed that it be returned to him. This direction before this action was commenced was given to appellants.

The facts of this case bring it squarely within the rule followed in *Phelps* v. *Brown,* 95 Cal. 572, [30 Pac. 774]. In that case a vendee paid to the agents of the vendor five hundred dollars as a deposit upon a contract to purchase. The agents paid the money to the vendor. The vendee was unable to carry out the contract to purchase. Whereupon the vendor abandoned the trade and turned the money over to the agents. The vendee brought suit against the agents to recover. The court, in an opinion by the chief justice, held that she could recover.

In the case at bar, though appellants were to be paid by Abrahamson Bros. & Co., they were brokers and go-betweens acting in a dual capacity. They took the money from plaintiff to be used as a deposit for the use and benefit of plaintiff in securing a lease from Baer. From the moment Baer abandoned the negotiations for making the lease to plaintiff and refused to accept such deposit, and directed that it be returned to plaintiff, they held it for the use and benefit of plaintiff, and were under the same obligation to return it to the person from whom they received it as were the agents in *Phelps* v. *Brown,* 95 Cal. 572, [30 Pac. 774].

They cannot retain the money as compensation for services rendered to plaintiff in the matter of the lease, for the weight of the evidence is to the effect that they were to be paid only out of such commissions as Abrahamson Bros. & Co. should receive or earn. None have been earned.

The case does not come within the rule that a plaintiff cannot recover from an agent money paid to him for a disclosed principal. The principal in this case refused to accept the money and repudiated and abandoned the transaction under which it was paid, and has directed it to be returned to plaintiff. It does not belong to defendants, and they have no just or legal claim to it, nor any claim for any compensation as against plaintiff or Baer. In equity and good conscience the money in their hands belongs to plaintiff.

The judgment and order are affirmed.

Lennon, P. J., and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on July 11, 1913, and a petition to

have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 11, 1913.