[Civ. No. 5281. Second Appellate District, Division One.—November 16, 1928.]

C. S. COOVER et al., Respondents, v. VINCENT J. COX, Defendant; AMERICAN SURETY COMPANY OF NEW YORK (a Corporation), Appellant.

McComb & Hall for Appellant.

E. O. Leake for Respondents.

CRAIL, J., *pro tem.*—On December 6, 1923, the plaintiffs delivered to a real estate salesman, named Washire, in the office of defendant Cox, a check for one thousand dollars as a deposit upon the purchase price of certain real estate, and received from Washire a "Sales Deposit Receipt" signed "Vincent J. Cox, agent, by Vincent J. Cox Pr H W." The check was cashed by defendant Cox. The sales deposit receipt provided for the payment of the balance of the purchase price in cash through escrow upon delivery of a deed and a guaranty of title showing title to be in the vendor "free & clear also unrestricted."

On December 31, 1923, the broker's license of defendant Cox expired and in connection with his license for 1924 he and the appellant surety company, as surety, executed to the people of the state a real estate broker's bond, as required by section 9a of the General Laws, Act 112. The condition of the bond was that the defendant Cox would comply with said law and would faithfully perform every undertaking entered into by him as a licensed real estate broker. It also authorized the plaintiffs to commence and maintain an action against appellant for the recovery of

any damages sustained by the failure of the broker to perform his duties or any of them.

On January 5, 1924, plaintiffs received a letter from the title company stating that the property was subject to certain building restrictions, and it is conceded that these restrictions were contrary to the terms of sale. A day or two later the plaintiffs made oral demand on Cox for the return of the one thousand dollars, and on February 4, 1924, plaintiffs made a written demand, but the deposit was never returned.

Thereafter this action was commenced against the defendants and judgment obtained. It is from this judgment the appeal is taken.

It is the contention of the appellant that there has been no breach of the bond executed by the surety company because the breach of duty, if any, was the breach of the owner of the property and not of the defendant Cox. An examination of the sales deposit receipt shows that it does not state the name of the owner of the property therein described, nor in any way disclose the principal, if any, for whom defendant Cox might be acting, and there is substantial evidence that plaintiffs did not know the name of the alleged owner until two days after making the deposit. It is well settled that if a person would excuse himself from responsibility on the ground of agency he must disclose his principal at the time of making the contract, unless already known, so as to enable the party with whom he deals to have recourse to the principal in case the agent had authority to bind him. On the other hand, an agent becomes personally liable when the principal is not known or when the agent exceeds his powers. (*Murphy* v. *Helmrich*, 66 Cal. 69 [4 Pac. 958]; *Tafft* v. *Presidio etc. R. R. Co.*, 84 Cal. 131 [18 Am. St. Rep. 166, 11 L. R. A. 125, 24 Pac. 436]. See, also, 1 Cal. Jur., p. 819.)

Among other things, the receipt provided that the sale of the property, upon the terms therein set forth, should be agreed to and accepted by the owner within five days from date or the deposit refunded upon demand, and that if, during the course of the search of the title of the property, any defect should be discovered whereby the property could not be conveyed as agreed, then the amount therein receipted for should be returned to the purchaser

upon demand, but if the purchaser did not complete the purchase as therein provided for, *the said deposit should thereupon be paid, less the commission of the agents, to the owner*. It thus appears by the very terms of the deposit receipt itself that defendant Cox was to retain the deposit until some termination of the deal, rather than to immediately deliver the deposit to the owner of the property. In this respect defendant Cox was the agent of the purchaser.

Even in the absence of the above provisions, defendant Cox would have been the agent of the purchaser under a new line of decisions. "It is of course elementary that the authority of a real estate broker is only to produce a purchaser who is willing to contract with the seller upon the terms prescribed, and that such a broker has no authority to accept money offered by the purchaser to conclude the sale; and when the purchaser pays money into the hands of the broker in such a case the broker holds it as the agent of the purchaser and not of the seller, and any misappropriation thereof is the loss of the former and not the latter." (*Hicks* v. *Wilson*, 197 Cal. 269 [240 Pac. 289]; *Gold* v. *Phelan*, 58 Cal. App. 471 [208 Pac. 1001].)

Appellant next contends that the undertaking, if any, on the part of Cox with respect to the return of the deposit was entered into on December 6, 1923, and therefore not covered by the bond which was effective for the year 1924. As already stated, the bond in question also authorized the plaintiffs to commence and maintain an action against appellant for the recovery of any damage sustained by the failure of the broker to perform his duties or any of them. By reason of the provisions of the "sales deposit receipt," there was no duty on the part of defendant Cox to return the deposit until demand was made upon him for it, and this demand was made during the year 1924. Again, Cox's authority as a broker ceased on December 31, 1923. Under the law he was obliged to get a new license to act as such for the year 1924. Upon the acceptance of his bond he was given in effect a new term of office; also in effect he renewed or re-entered into all of his unfinished and unexecuted undertakings. As his own successor he then assumed and took over all his unfinished business of the year 1923, including his undertaking with regard to the deposit. In the absence of all evidence as to when the defalcation oc-

curred, it will be presumed that it occurred in the year 1924. The situation is analogous to that of a public official who is required to give bond for the faithful performance of his duties. It is settled law that where such an official has been in office for more than one term and has different bondsmen for the different terms, the bondsmen for the term during which a defalcation occurs are liable regardless of when the money was first received by the official or when the undertaking was first entered into. And in the absence of all evidence as to when the defalcation occurred, it will be presumed that it occurred during his last term. (2 Brandt on Suretyship and Guaranty, 3d ed., secs. 650, 652, and 653; *Governor* v. *Robbins*, 7 Ala. 79; *Kelly* v. *State*, 25 Ohio St. 567; *Independent School Dist., etc.*, v. *McDonald*, 39 Iowa, 564.)

Appellant's next contention is that the sales deposit receipt was not received in evidence by the court, and therefore should not have been considered by the court. The receipt was offered in evidence under circumstances which entitled it to be received. When objections to its admission were made the court said, "Mark it for identification and I will consider the matter as to whether it will be allowed in or not." It would have been error on the part of the trial court to have excluded it; and while there seems to be no formal order in the record admitting the receipt in evidence, yet the findings expressly set out that the deposit was "to be held, used and disposed of in accordance with a certain agreement and receipt," etc., describing said sales deposit receipt. The actions of the trial court are presumed to be regular, and this court will presume that the trial court so acted in the instant case in the absence of a showing to the contrary.

It is the final contention of appellant that the receipt could not have been properly received in evidence because it was not shown to have been the obligation of defendant Cox. Defendant Cox testified that his salesman, Washire, delivered the one thousand dollar check to him, that he cashed the check, that he also received a copy of the receipt at the time he received the check, and that the conditions of the receipt were the conditions under which he accepted the check. Appellant contends that the deposit receipt is an agreement for the sale of real estate, and that under sec-

tion 1624 of the Civil Code such a contract is invalid unless the authority of the agent is in writing subscribed by the party to be charged, and that in this case there was no such writing. We have already found that the sales deposit receipt was a contract between the plaintiffs, on the one hand, and the defendant Cox, a real estate broker, as agent of plaintiffs, on the other, for the deposit of certain funds to be used as therein designated; otherwise to be returned to the plaintiffs. An authorization to receipt for money and to agree to return the money on certain conditions is not within the provisions of section 1624 of the Civil Code.

The judgment is affirmed.

Houser, Acting P. J., and York, J., concurred.