[Civ. No. 6977. First Appellate District, Division Two.—November 9, 1929.]

E. H. ANDERSON, Respondent, v. B. BERGER, etc., et al., Appellants.

. Dinkelspiel & Dinkelspiel for Appellants.

Resiner & Deming for Respondent.

KOFORD, P. J.—Plaintiff obtained judgment for $1,040, which was the amount of a deposit he made with the defendants when signing and leaving with them a proposal to purchase a confectionery store belonging to T. N. Smiley. The complaint was in three counts. The court made findings in favor of plaintiff on the first and third counts. The first was a common count for money had and received, and the third was based upon rescission for alleged fraudulent misrepresentations. The defendants are real estate brokers, with whom Smiley, the owner of the store, listed it for sale. In doing so he made written representations concerning the character and quality of the store. The brokers' alleged fraud consisted in communicating these representations to plaintiff, thereby inducing him to make the deposit and proposal of purchase. The proposal was signed by plaintiff alone. It read in substance and effect, I hereby deposit with defendants the sum of $1,040 as part payment of the purchase price of Smiley's confectionery listed by the owner thereof with the defendants as agents for the sale thereof, and I hereby agree to buy said property upon the following terms and conditions. The proposal also said, "As the said agent is negotiating the sale of said personal property only, this offer to purchase . . . shall not be binding on the undersigned, unless the owner thereof will also assign to me the existing lease on said premises," etc. The court found that on the day the said proposal was executed plaintiff deposited the said sum with the defendants, "which sum said copartnership agreed to hold for plaintiff until the contract of sale of said confectionery should be executed between said plaintiff and the said Smiley; also until a certain lease on the said premises should be assigned to the plaintiff." After making the deposit plaintiff became dissatisfied and visited Smiley, the owner, in company with one of the defendants. In the conversation between plaintiff and the owner plaintiff expressed his dissatisfaction and charged misrepresentation upon the part of the agents. The owner replied to the effect that the plaintiff might do as he pleased and if he was dissatisfied he should feel at liberty to take back from the agents the deposit made and be freed from

the proposal. Thereafter plaintiff served notice of rescission upon the defendants and commenced this action against the brokers alone without making Smiley a party defendant. Appellants urge as one point on appeal that the action is against the wrong parties; that it should have been against Smiley instead of these defendants. We find in the record, however, a statement of the trial judge regarding the absence of Smiley as a party defendant. It is, "Smiley is not a necessary party to the action and as the defendants strenuously oppose a reopening of the case for the purpose of bringing in Smiley, I have reached the conclusion that plaintiff's motion for that purpose should be denied."

On this appeal appellants attack practically every finding of fact supporting plaintiff's allegations of fraud. In every point, however, the record presents evidence in support of the findings, as well as the evidence pointed out by appellants which tends to prove contrary to the findings. We have examined the evidence in the record and find that the findings of fraud made by the court are supported by substantial evidence. The appellants also claim that respondent did not avail himself of the means and opportunities to discover the untruthfulness of the representations made, and that such failure on the part of respondent bars his recovery. It is now settled that if one actually relies upon misrepresentations, he is not precluded from maintaining an action on the grounds of fraud merely because if he had made an independent investigation he would have ascertained that the representations made were untrue. (*French* v. *Freeman*, 191 Cal. 579 [217 Pac. 515].)

Respondent contends that, irrespective of the charge of fraud, the judgment is supported under the evidence and by the findings which find in favor of the plaintiff upon the common count for money had and received. The evidence relied upon is that which indicates the consent of Smiley, the owner, to the withdrawal of plaintiff from his proposal. This attitude upon the part of the owner would amount to a rescission by mutual consent if a contract of purchase and sale had been executed between plaintiff and Smiley. For like reasons in this case, there never having been an acceptance of plaintiff's proposal of purchase by the owner, the consent of Smiley to the withdrawal of the offer by

plaintiff operated in the same way. In either case plaintiff would be entitled to recover back his deposit, since in no event would the brokers be entitled to keep the deposit as and for their own property. They held the deposit either as the agents of the plaintiff or of the owner.

Appellants claim that the action should be confined to one against Smiley, the owner, for the reason that Smiley was not an undisclosed principal. In receiving the deposit from plaintiff, the defendants were holding the money in legal effect as the agent of the depositor. This is so because of the wording of the written proposal and because defendants had no authority to make a binding contract of sale on behalf of Smiley. (*Lubeck's Investment Co.* v. *Voris*, 68 Cal. App. 653 [229 Pac. 1025]; *Gold* v. *Phelan*, 58 Cal. App. 471 [208 Pac. 1001]; *Reyntiens* v. *Treadwell Realty Co.*, 22 Cal. App. 314 [134 Pac. 333]; *Coover* v. *Cox*, 95 Cal. App. 1 [272 Pac. 343].) The foregoing authorities seem to be directly in point for this case. The authorities cited by appellants to the general proposition that an action may be commenced against the principal on account of the acts of his agent do not go to the length of holding that the agent may not be sued in an action for money had and received where his principal never obtained title to the money nor even claimed it. An action for money had and received lies against any person who is in the possession of funds which in equity and good conscience he should pay to the plaintiff. The weight of authority is to the effect that an agent still holding possession of funds is the one against whom judgment should be given in an action for money had and received. (*Simmonds* v. *Long*, 80 Kan. 155 [23 L. R. A. (N. S.) 553, 101 Pac. 1070]; *Alexander* v. *Coyne*, 143 Ga. 696 [L. R. A. 1916D, 1041, 85 S. E. 831]; 41 C. J. 54. See, also, *Gray* v. *Ellis*, 164 Cal. 481 [129 Pac. 791].) In *Bogart* v. *Crosby & Van Haren*, 80 Cal. 195 [22 Pac. 84], relied on by appellants, the title to the deposit had passed to the vendor for whom the agents were acting by the acceptance of the proposal made. The agents, therefore, had ceased to be, if ever they were in that case, agents of the vendee with respect to the deposit. Had Smiley been made a party defendant together with the brokers in this action for money had and received, it could scarcely

be contended that judgment should go against Smiley and not against the brokers, as the evidence shows that the money is still in the hands of the brokers under conditions which do not entitle Smiley to receive it nor the brokers to retain it.

There is no merit in the contention that plaintiff may have judgment on the common count in this action only in the event that he is also entitled to judgment for the particular fraud alleged in this third cause of action. The common count for money had and received will lie for any set of facts and circumstances existing between the parties to this action which require that the money held by defendants should be paid to the plaintiff in equity and good conscience. It is supported by evidence of a mutual rescission or by evidence of an unaccepted proposal as well as by evidence of a rescission for fraud.

For the foregoing reasons the judgment is affirmed.

Sturtevant, J., and Nourse, J., concurred.