[Civ. No. 11122. Second Appellate District, Division Two.—November 4, 1936.]

ANSON A. BROCK, as Director of Agriculture of the State of California, Appellant, v. A. G. PRIESTER, INC. (a Corporation), et al., Respondents.

U. S. Webb, Attorney-General, and Alberta Belford, Deputy Attorney-General, for Appellant.

Eugene P. Fay for Respondents.

WOOD, J.—This action was commenced by the Director of Agriculture against A. G. Priester, Inc., as principal, and Angelus Indemnity Corporation, as surety, upon a commission merchant's bond filed in accordance with the provisions of the Wholesale Produce Dealers Act (Stats. 1927, chap. 860, as amended). During the farm produce season of 1934 and while the bond was in full force and effect the Priester company received on consignment from certain claimants farm products to be sold for the account of the claimants. The bond of Angelus Indemnity Corporation expired on July 17, 1934. Thereafter another bond was filed by a different surety company. Although all the produce was received by the Priester company before July 17, 1934, some of it was not sold until after that date. The trial court allowed the claims against the bonding company for produce sold prior to July 17, 1934, and disallowed the claims for produce sold after the date of the expiration of the bond. Plaintiff appeals from that part of the judgment denying claims for produce sold after July 17, 1934, and contends that the surety company which furnished the bond during the time the produce was received should be held liable for the entire amount.

In his complaint plaintiff alleges that "while the bond was in full force and effect the defendant, A. G. Priester, Inc., received farm produce to be sold on consignment and that said defendant sold the same for and on account of the growers thereof and refused and failed to remit for the same". It thus appears that plaintiff's cause of action is based upon the refusal and failure of the Priester company to remit after sale of the produce. A surety cannot be held liable until the happening of an event upon which the bond is conditioned. (*Mahana* v. *Alexander*, 88 Cal. App. 111 [263 Pac. 260].) Plaintiff cannot establish a cause of action against defendant surety

company in the absence of allegations and proof that the Priester company failed to honestly and faithfully account for the produce received. The breach of the obligation must have occurred during the period for which the bond was given. At the time of the expiration of respondent's bond the principal was lawfully in charge of the produce and had done nothing which constituted a failure to comply with the terms of the Wholesale Produce Dealers Act. The obligation of the Priester company to remit for the produce had not accrued on July 17, 1934, the date on which the bond ceased to be effective.

In *Coover* v. *Cox*, 95 Cal. App. 1 [272 Pac. 343], the court had before it for consideration an issue very similar to the one presented by this appeal. In that case the suit was against a surety company upon a real estate broker's bond. The condition of the bond was that the broker "would comply with said law and would fully perform every undertaking entered into by him as a licensed real estate broker". The broker had received the sum of $1,000 on December 6, 1923, as deposit on the purchase of real estate which was to be returned if the seller could not furnish a clear title. On December 31, 1923, the broker's license expired and a new bond was filed for the year 1924. The defendant was the surety company which furnished the bond for the year 1924. In January, 1924, it developed that the seller could not furnish a clear title to the property and demand was made upon the broker for the return of the money deposited, but the money was not returned. The reviewing court held that the surety on the bond furnished in 1924 was liable.

The judgment is affirmed.

McComb, J., *pro tem.*, and Crail, P. J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 28, 1936.