[Civ. No. 4088. First Appellate District, Division Two.—May 10, 1922.]

## W. A. MAYNES, Appellant, v. J. B. GALLIANO, etc., Respondent.

[1] PERSONAL SERVICES—PLEADING—COMMON COUNT—FINDING—JUDGMENT. — Where a complaint in the form of a common count alleged that the defendants were indebted to the plaintiff for services rendered to the defendants by plaintiff's assignor, for which services the defendants promised in writing to pay, and the court found in the exact language of the complaint that such allegations were not true, the finding was sufficient to support the judgment for the defendant.

[2] ID.—NATURE OF COMPLAINT—ACTION ON CONTRACT.—A complaint in the form of a common count alleging that the defendants were indebted to the plaintiff in a stated amount for services rendered to the defendants by plaintiff's assignor, for which defendants promised in writing to pay such assignor, in effect states a cause of action on such contract. (Opinion of supreme court on denial of hearing.)

[3] BROKER—EXCLUSIVE CONTRACT — SALE OF LEASE—RIGHT TO COMPENSATION.—A broker having an exclusive contract for the sale of a lease is not entitled to the compensation provided in his contract on a sale of a renewal of such lease through another broker subsequent to the obtaining of such renewal, notwithstanding his contract had not been terminated in the manner therein

Right to commission as between several brokers intrusted with the sale of the same property, notes, 15 Ann. Cas. 766; Ann. Cas. 1916B, 978.

provided and the sale was made to a purchaser who had previously refused to purchase the original lease from him because of the shortness of the term. (Opinion of supreme court on denial of hearing.)

APPEAL from a judgment of the Superior Court of Alameda County. T. W. Harris, Judge. Affirmed.

The facts are stated in the opinion of the court.

Dunn, White & Aiken for Appellant.

Snook & Brown and George M. Naus for Respondent.

NOURSE, J.—This is an appeal from a judgment in favor of defendant in an action upon a common count for services rendered. The complaint alleged "that the defendants above named are indebted to the plaintiff in the sum of One Thousand ($1,000.00) Dollars for services rendered to the defendants by Lubeck's Investment Company, a corporation, within two years last past for which services the said defendants promised in writing to pay the said Lubeck's Investment Company the said sum of One Thousand Dollars." The trial court found in the exact language quoted that these allegations of the complaint were not true. The facts appearing at the trial were that defendant and plaintiff's assignor entered into a written contract whereby the assignor was given the exclusive right to sell certain property belonging to the defendant for the period of one day or until written notice of revocation was received. By the terms of the contract the defendant agreed to pay plaintiff's assignor all over the sum of four thousand five hundred dollars for which the property was sold but, in any event, a minimum compensation of five hundred dollars if "before the termination of this agreement, a deposit or notice of sale or of intended sale, or agreement, or bill of sale, lease, conveyance or mortgage is made of or on said property or any part thereof, or if the whole or any part of the consideration is paid or is deposited in escrow, or if, at any time before or after such termination, a sale or transfer of said property or any part thereof is made to any one to whose attention same was brought by said agent during the life of this contract, or if such a person accepts

a position with me or enters my employ in respect to the above property or any part thereof, or if any such person to whose attention same was brought as aforesaid by said agent, in any manner or mode, secures any interest in or lien or claim upon, or takes possession of, the said property or any part thereof, directly or indirectly, or by virtue of one or more transfers within two months after the termination of this contract. Notice of withdrawal must be given by registered mail or by writing receipted for by said agent.''

The contract was dated July 15, 1919. It appears that in December of that year the purchaser read an advertisement for the sale of the property published by the plaintiff's assignor and in response thereto called upon the local agent of plaintiff's assignor and made inquiries regarding the sale of the property. It appears that this agent gave to the purchaser some information which he had regarding this property and similar properties which he had listed for sale. The purchaser informed the agent that he was not interested in this property because the term of the lease was too short and he was not satisfied with the location. Defendant had no knowledge that even such an inquiry had been made until the middle of May, 1920, when the property had been sold through the efforts of another broker. It appears that when the contract was made the defendant's lease ran only until July, 1920; that on December 24, 1919, he obtained a new lease for a term of five years beginning July 1, 1920. It does not appear that plaintiff's assignor had knowledge of the new lease, but, in any event, he made no effort to interest the subsequent purchaser in the property after this condition was changed. It is in the testimony that plaintiff's assignor took some ''prospects'' to view the property, but did not take the one who subsequently purchased it. On March 10, 1920, the defendant informed the agent that his property was off the market and requested the agent not to come around any more because the property was not for sale. Defendant testified that in reply to this the agent said: ''All right . . . we won't come again.'' Nothing further was heard from plaintiff's assignor regarding the property or the contract. Defendant, assuming from the statement of the agent that the contract was abandoned, again offered it for

sale through another agent, by whom the sale was made on May 18th of that year. Plaintiff attacks the judgment upon the grounds that the exclusive right to sell conferred upon his assignor could not by the terms of the contract be terminated except upon ten days' notice in writing and no such notice was given, and insists that because the contract was not terminated in the manner provided therein plaintiff was entitled to judgment.

[1] The finding of the trial court in the terms of the complaint is sufficient to support the judgment. Appellant having elected to sue upon a common count and not upon the contract, it was essential, of course, to prove rendition of the services and a promise to pay for them. In finding that the respondent is not indebted to appellant in any sum for services rendered, the trial court must be presumed to have found that no services were rendered. If this is so, the appellant, of course, is not entitled to judgment. In reaching this conclusion the trial court had before it the testimony relating to the advertising of the property for sale in December, 1919, the inquiries made by the purchaser at that time and his refusal to further consider the property, and the fact that after a new lease had been obtained and the property was presented to him through an independent source, he for the first time became interested. In reaching the conclusion that no services were rendered the court no doubt found that the advertising in the newspaper had no connection with the subsequent sale. The contract was manifestly drawn with great cunning to enable the agent to insist upon payment without turning a hand for the benefit of the owner. We are not prepared to say what should have been the result if the suit had been on the contract. But in this action on a common count for services rendered we cannot say that the evidence is insufficient to support the finding of the trial court.

Judgment affirmed.

Langdon, P. J., and Sturtevant, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 6, 1922, and the following opinion then rendered thereon:

THE COURT.—The petition for a rehearing of this cause in the supreme court is denied.

[2] We are of the opinion that the fact that the complaint was in the form of a common count for services rendered, instead of a special declaration on the contract introduced in evidence, is immaterial to the decision, and we do not approve the opinion of the district court of appeal so far as it leaves that question open. The only support of the common count was the contract introduced in evidence, and in effect the complaint stated a cause of action on that contract.

[3] We regard the essential fact upon which the judgment should be affirmed to be that the contract of agency to sell the interest of the defendant in the property related exclusively to a lease which expired on July 1, 1920. The purchaser from the defendant positively refused to buy that lease, and the efforts of the plaintiff did not bring about a sale thereof. Consequently the plaintiff's services produced no benefit to the defendant. The purchaser refused to negotiate until after defendant had procured an additional lease beginning July 1, 1920, and running five years, and it was the procurement of that lease which induced the sale and not the efforts of the plaintiff.

Shaw, C. J., Lawlor, J., Wilbur, J., Sloane, J., Richards, J., *pro tem.*, and Waste, J., concurred.