[Civ. No. 3816.   Third Appellate District.—June 19, 1929.]

J. A. FORGAY et al., Respondents, v. C. D. PLUM et al., Appellants.

H. B. Wolfe, Lawrence J. Skirving, C. D. Plum and John V. Filippini for Appellants.

M. C. Kerr for Respondents.

FINCH, P. J.—This is an appeal by the defendant Plum, on the judgment-roll alone, from a judgment in favor of the plaintiffs.

It appears from the complaint that in May, 1926, the plaintiffs entered into a contract with A. P. Newhart, by the terms of which they agreed to sell him all the merchantable timber on the Forgay ranch, and also their saw-mill and equipment, for which timber he agreed to pay ''$4 per thousand feet, board measure, scaled . . . upon delivery at pond,'' payments to be made semi-monthly. The purchaser also agreed to pay at the rate of $1 per thousand feet of lumber sawed for the use of the mill until such payments amounted to $7,500, when he was to be given a bill of sale for the mill. The title to the lumber was to remain in the sellers until paid for. Payments were to be made ''to the credit of the party of the first part at the Indian Valley Bank.'' The buyer was to commence the operation of the mill ''on or before the 15th day of June, 1926, and to diligently continue the operation

thereof . . . to full capacity." The buyer agreed to keep insured "all lumber piled or stored in an amount equal to that due" the sellers, the insurance policies to be payable to them to the extent of their interest. A supplementary agreement was subsequently executed, but its terms are not material here. Time was not made of the essence of the contract, nor was there any provision for a forfeiture contained therein. Newhart assigned to F. C. Wolpert, and he to the defendant, the assignment to the defendant being made prior to May 6, 1927. The breaches of the contract alleged in the complaint are as follows:

The defendant "did log, cut and manufacture into lumber about 170,000 feet . . . of lumber," by reason whereof there became due to the plaintiffs the sum of $850 on the fifth day of July, 1927. On their demand for payment of that sum the defendant "informed said plaintiffs that he did not intend to pay said sum until said lumber was sold and shipped, and . . . that it was his intention to continue to fall and manufacture timber from said premises, but that none of the same would be paid for until sold and shipped." The defendant failed to insure the lumber "piled or stored." He "has failed to operate said sawmill diligently . . . to full capacity thereof, and that since the first day of July little if any timber has been sawed at said sawmill, and that said mill is now closed down and not being operated to the full capacity, or at all."

The prayer is for judgment in the sum of $850, for an injunction restraining the defendant "from further logging and cutting of timber from said premises," for a forfeiture of "said contract" and for damages.

The complaint was filed July 14, 1927. The findings follow the allegations of the complaint, except as to the mill being "closed down," and additional facts are found as follows:

After the complaint was filed and prior to the trial the defendant "deposited with the Indian Valley Bank cash and bills of lading sufficient to cover said amount" of $850. The defendant "did continue to fall and manufacture timber from said premises into lumber until prevented from so doing by a temporary injunction and did refuse to pay for the same in accordance with the terms of said agreement and supplement thereto, but continued to have deposited to

the credit of plaintiffs the amount of such rental and stumpage as provided in said agreement out of the proceeds of the sale of lumber manufactured from said premises in proportion to the amount of lumber sold.'' The defendant does ''not intend to comply with the terms of the agreement . . . and that the same will result in a multiplicity of actions.''

Judgment was entered in favor of the plaintiffs for the sum of $850, and it was further adjudged that the agreement ''be and the same is hereby declared forfeited and void for failure to comply with the terms thereof,'' that the defendant be ''permanently enjoined from logging, cutting, sawing, or in any way interfering with the timber on said premises mentioned in said agreement, or with the sawmill on said premises, and that plaintiffs have a lien on all lumber manufactured on said premises for the amount due plaintiffs under said agreement.''

Neither the facts alleged in the complaint nor those found by the court constitute grounds for forfeiture, time not being of the essence of the contract. ''Mere failure to pay or otherwise perform within the time stipulated is not ground for forfeiture unless time is of the essence of the contract.'' (25 Cal. Jur. 608.) Such facts may be sufficient to warrant a rescission of the contract by the plaintiffs, but there is neither allegation nor finding that they made any effort to rescind. The action cannot be treated as one for rescission, even if the allegations of the complaint were sufficient to show that the plaintiffs are entitled to rescind. They gave no notice of rescission and the findings show that the defendant has rights to be adjusted if the contract is to be canceled. (4 Cal. Jur. 799.)

It appears from the findings that the defendant has deposited in the Indian Valley Bank, as required by the terms of the contract, the amount of certain payments which became due to the plaintiffs. The judgment seems to award the plaintiffs the whole amount which became due to them without any credit for the moneys so deposited.

The judgment is reversed.

Thompson (R. L.), J., and Plummer, J., concurred.