[Civ. No. 7351.   First Appellate District, Division Two.—March 11, 1931.]

GEORGE M. McWHINNEY et al., Respondents, v. GRACE EWERS et al., Appellants.

W. D. Brown and Henry F. Wrigley for Appellants.

Joseph A. Brown for Respondents.

STURTEVANT, J.—The plaintiffs commenced an action to recover a judgment for money. The defendants answered denying the allegations of the complaint. A trial was had before the trial court sitting without a jury. The court made findings in favor of the plaintiffs and from the judgment entered thereon the defendants have appealed.

The defendants assert that plaintiffs did business with them knowing that they were acting as agents of a disclosed principal. Continuing, they assert that any moneys they received were received for account of their principal and not for the account of the plaintiffs. On the first day of February, 1928, plaintiffs entered into a written agreement to purchase from the defendants as such agents a lot near the corner of Sixteenth Avenue and Aloha Street in San Francisco. The price was $9,250. At that time there was being constructed on the lot a dwelling. The record shows that at that time the Pacific Title and Trust Company held

a trust deed dated January 13, 1928, to secure the payment of a promissory note in the sum of $4,800. That mortgage was recorded January 14, 1928. It shows also that the same company as trustee held a trust deed dated January 9, 1928, to secure another note in the sum of $2,070. That instrument was recorded later on the same day. The plaintiffs paid down $100, which is acknowledged in the contract of purchase. The contract was signed by the purchaser and by the defendants as agents of the seller, and an approval in writing was signed by the owner. Among other passages contained in the contract are the following: "Buyer to pay $500.00 down and the balance of the purchase price at $75.00 per month including interest at the rate of 6% on the first mortgage and at the rate of 7% on the balance . . . and $250.00 on or before February 21, 1929.

"Conditions of Sale: ten days from date of filing notice of completion are allowed the purchaser to examine the title to said property and to report in writing any valid objection thereto, to Ewers & Gorham at their office. If no such objection to title is reported, the balance of said purchase price shall be paid by said purchaser at the expiration of said time to said Ewers & Gorham for account of the seller, and said seller shall thereupon deliver to said office, a properly executed and acknowledged deed of grant, bargain and sale of said property." Under the plain words used by the parties said contract provided that the sales price would be $9,250; that the purchasers were to pay $500 down and $250 on or before February 21, 1929. One interpretation of the contract is that, deducting the $500 payment, the seller would cause two mortgages to be placed on the property before the transfer was made and that such mortgages would be in the total sum of $8,750, one bearing interest at six per cent and one bearing interest at seven per cent and the purchasers covenanted to pay such "balance of the purchase price at $75 per month including interest at the rate of 6% on the first mortgage and at the rate of 7% on the balance" and on or before February 21, 1929, the purchasers would pay an additional sum of $250. Another interpretation is possible and that is if no objection to the title was made within ten days after notice of completion, then the balance of the purchase price ($8,500) shall be paid by said purchaser at the expiration of said time and $250 on Febru-,

ary 21, 1929. But, under neither interpretation were the purchasers required to execute any mortgage or deed of trust. Now let us see what the parties did or failed to do. On May 8, 1928, the owner filed for record a notice of completion. Under the clear terms of the contract said notice started the time running within which the respective parties should have acted. There is no claim that the purchasers found any defect in the title or that they " . . . reported in writing any valid objection thereto . . . " As they did not report any objections within ten days they were bound to have tendered the balance of the purchase price " . . . at the expiration of said time . . . " to these defendants for the account of the seller and the seller at the same time was bound to tender to these defendants for the purchaser a deed. Neither act was done by either party. On May 31, 1928, the purchasers paid $505.86 and executed a note for $3,700 and one for $250, and a trust deed to secure both notes. No part of the contract called for any one of these acts on said date. At the time the purchasers paid the $505.86 these defendants executed a document in which for our own purposes we have interpolated (a), (b) and (c). With such interpolations that instrument is as follows:

"Real Estate
"Ewers & Gorham
"1600 Taraval Street
"Phone Sunset 8300
"San Francisco, Calif.
"May 31st, 1928.

"Received from George McWhinney, the sum of $505.86, (a) to be disbursed as hereinbelow set forth, upon the receipt and recordation of a joint tenancy deed to the property as described in application 7693, of the Northern Counties Title Insurance Co., of San Francisco, vesting title to the said property in George A. McWhinney and Bernice McWhinney, his wife, as joint tenant, (b) subject to exceptions 1, 2 and 3, and 4 and a deed of trust in favor of Bernhard Kari and Lydia Kari for $3,950.00 only. (c) Interest on deed of trust set forth in exception 4, to be paid to June 1st, 1928. Said exceptions set forth in preliminary report dated May 22nd, 1928, covering the said property.

```
"Balance on purchase...................$400.00
 Pro-rata of taxes to June 30th, 1928....   1.26
 Pro-rata of policy #24747 of the Ameri-
   can Ins. Co. $2500.00—Premium $17.50
   —Expires 4/25/31 ..................  17.40
 Pro-rata of Policy #24860 of the Ameri-
   can Ins. Co.—$3000.00—Prem. $21.00—
   Expires 6/12/31 ...................  21.00
 Recording deed and deed of trust......   5.20
 Notary fee .........................   1.00
 Title fee ...........................  60.00
                                             ———— $505.86
```

"Ewers & Gorham

"George Gorham."

That instrument was not signed by the plaintiffs. In division (a) wherein it calls for a joint tenancy deed said passage departed from the terms of the contract which called for a grant, bargain and sale deed. Wherein in division (b) it provides for certain exceptions as against a marketable title it violates the provisions of the contract which had no covenant as to exceptions. Wherein division (c) calls for the payment of *pro rata* charges of taxes and insurance computed as of the date June 30th, said passages departed from the terms of the contract which provided that such *pro rata* charges would run "from date of recordation of deed". On June 1, 1928, the purchasers took possession of the house and occupied it until September 27, 1928. Nothing contained in the contract authorized such an act. In the meantime mechanics' liens aggregating over $1600 were filed. The plaintiffs offered testimony that they frequently asked these defendants to clear the title, presumably, of those liens, but it was not cleared.

After May 31, 1928, the owners' assignee visited the house and made the statement that the house in fact was not completed. As to whether the house was then completed according to the model (the house across the street) the record does not disclose. However, the record discloses that the owners' assignee took from that date until September 27, 1928, to do some alleged finishing work. Finally, on the date last stated the owners' grantee sent the plaintiffs a letter as follows:

"September 27, 1928.

"Mr. George A. McWhinney and
"Mrs. Bernice McWhinney,
    "241–16th Avenue,
        "San Francisco, Calif.
"Dear Sir and Madam:

"Please be advised that all papers necessary and proper for the closing of the deal relating to the purchase by you of the property at the above address are now in file with Northern Counties Title Insurance Company, 374 Bush Street, San Francisco, California—pursuant to the agreement entered into between you and Bernhard Kari under date of February 1, 1928. You will please call there and sign the two promissory notes—one for $250.00 payable February 21, 1929, and the other for $3750.00, payable $51.00 monthly, each bearing interest at 7% per annum—together with the deed of trust securing same and the same will be completed in due course thereafter, as soon as the title can be run down to date to insure that the said deed of trust is a second lien, subordinate only to exceptions 1, 2, 3 and 4 in the current report of said title company. All other exceptions have been arranged to be removed upon notice that the above mentioned notes and deed of trust have been executed by you.

"Very truly yours,
"HENRY F. WRIGLEY."

On September 22, 1928, the plaintiffs vacated the house, surrendered the keys to these defendants and made a formal demand on these defendants that their payments be returned to them. In this connection it should be stated that the record discloses the fact that these defendants never surrendered any part of the money which they had received either to the former owners or to Mr. Wrigley as assignee of such owners. ■ From the foregoing facts we think it is clear that the instant case shows that both parties to the contract had completely abandoned it and had wholly departed from every covenant contained in it excepting the amount of the purchase price. Under such circumstances no formal notice of rescission was necessary (*Bray* v. *Lowery*, 163 Cal. 256, 261 [124 Pac. 1004] ; *McNeese* v. *McNeese*, 190 Cal. 402, 404, 405 [213 Pac. 36] ). ■ Whether the foregoing facts showed an abandonment by the parties was

largely a question of fact. (*Fountain* v. *Semi-Tropic L. & W. Co.*, 99 Cal. 677, 683 [34 Pac. 497].) In support of the judgment this court is bound to infer that the trial court was of the opinion that the abandonment was complete. (*Lemle* v. *Barry*, 181 Cal. 6, 10 [183 Pac. 148].) ■ As there was an abandonment it is settled law that an action as for moneys had and received was a proper remedy. (25 Cal. Jur. 738; *Bray* v. *Lowery, supra*.)

■ The defendants claim that the suit should have been brought against the owner and not against these defendants. They cite and rely on *Bogart* v. *Crosby, etc.*, 80 Cal. 195 [22 Pac. 84]. The case is not in point. In that case the money had been turned over. In this case it had not been turned over and under the terms of the contract it would have been a breach thereof if the defendants had surrendered plaintiffs' moneys before they received a deed in behalf of the plaintiffs.

■ During the trial the defendants attempted to show by oral testimony that the plaintiffs and the defendants agreed on May 31, 1928, that the deal should not be closed until the house was fully completed. The written contract could not be altered in that manner.

We find no error in the record. The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 10, 1931, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 4, 1931.