[Civ. No. 4394. Third Appellate District.—October 29, 1931.]

MURIEL PLUM, Appellant, v. INDIAN VALLEY BANK (a Banking Corporation), Respondent.

John V. Filippini for Appellant.

Young, Hudson & Rabinowitz and M. C. Kerr for Respondent.

PLUMMER, J.—The complaint in this action alleges that on certain dates mentioned therein, the plaintiff deposited certain sums of money with the defendant, a banking corporation, aggregating in all the sum of $1,060.10, and that there was due and unpaid from the defendant to the plaintiff, said sum, for which judgment was asked. The answer of the defendant denied the allegations of the complaint.

The court found that the allegations of the plaintiff's complaint were untrue, and further found as follows: "The court finds from the evidence that the sums of money referred to and specified in paragraph II of plaintiff's complaint (being the items to which we have referred), were paid to defendant pursuant to the terms of a certain contract between C. D. Plum and Forgay Lumber Company, as to a portion thereof, and pursuant to the terms of a certain temporary injunction issued by the above-entitled court in an action heretofore and now pending in the superior court of the state of California, in and for the county of Plumas, whereby Forgay Lumber Company is plaintiff and C. D. Plum is defendant. That the sums of money deposited pursuant to the terms of said temporary injunction were and are held by the defendant herein as a stakeholder under and pursuant to the terms of the temporary injunction." Judgment went for the defendant for costs. From this judgment the plaintiff appeals.

The testimony introduced on the part of the appellant is to the effect that there was deposited by the plaintiff with the defendant the sum of $819.79, under and by virtue of the conditions above referred to. The testimony on the part of the defendant is to the effect that there is still in the hands of the defendant the sum of $462.89, held under and in accordance with the terms of a temporary injunction order to which we will hereafter refer, and a certain letter written by the plaintiff.

The record shows that C. D. Plum, the husband of the plaintiff, had a contract with the Forgay Lumber Company for the felling of trees belonging to said company, converting the same into lumber, disposing of the same, and paying the Forgay Lumber Company a certain portion of the proceeds thereof. The record further shows that during all the times mentioned and covered by these proceedings, the proceeds received from the sale of the lumber just referred to were deposited in the bank belonging to the defendant, by the plaintiff in this action; that C. D. Plum, prior to these transactions, had opened an account with the defendant bank, in the name of Muriel Plum. On or about the eighth day of November, 1927, the plaintiff wrote to the defendant bank as follows:

"In accordance with instructions and restraining order granted the Forgay Lumber Company, on Nov. 7, 1927, by the Superior Court of Plumas County, State of California, please be advised that all moneys received to be credited to the account of the Forgay Lumber Company from the sale of lumber, are to be impounded until further advised by said court, or until such time as the suit in action has become satisfied and settled.

"Yours truly,

"MURIEL PLUM.

"B.

"MP/B."

During the trial of this action there was placed in evidence on the part of the defendant the following temporary injunction issued in the case of the Forgay Lumber Company against C. D. Plum, from which we quote the following: "We therefore, in consideration thereof, and of the particular matters in said affidavit set forth, it is strictly commanded that you, the said C. D. Plum, and C. D. Plum, doing busi-

ness under the firm name and style of Round Valley Lumber Company, and each and every of you, and each of your agents, attorneys, employees, servants and assigns, be, until further order of the above entitled court, and during the pendency of the above entitled action, enjoined and restrained from in any manner shipping, selling or disposing of any of the lumber manufactured on the Forgay Lumber Company premises, until there has been deposited with the Indian Valley Bank the sum of $2,782.15, to the credit of the said Forgay Lumber Company, provided, however, that such lumber may be sold and shipped if all of the proceeds of such sales are deposited with the said Indian Valley Bank, at Greenville, California, to be held by said bank to the credit of Forgay Lumber Company until the final determination of said action, subject to the retaining the actual cost of sale of said lumber but not to exceed the sum of $3.00 per thousand feet, board measure.'' At the conclusion of the trial in the instant case the court announced that its findings, conclusions of law and judgment would have to be based upon the record before it, and our decision will likewise have to be based upon the record presented to us upon this appeal.

Without having introduced any of the files, records, proceedings or judgment in the case of *Forgay Lumber Company* v. *Plum,* 99 Cal. App. 524 [279 Pac. 177], the appellant's brief sets out that judgment finally went for the plaintiff in that action, followed by an appeal to this court, and that the judgment in said action was reversed and the cause remanded for a new trial. Upon this basis it is argued that the temporary injunction to which we have referred became of no further force or effect. Whether the contention of the appellant is correct as a matter of law is wholly immaterial under the case made out in the trial below, and as presented to us. As we have stated, there is nothing in the transcript in this case showing any further proceedings in the case of *Forgay Lumber Company* v. *Plum, supra,* other than the issuance of the temporary injunction. This temporary injunction applied to the plaintiff in this case just as to others, having to do with the lumber manufactured on the Forgay Lumber Company's premises. The plaintiff in this action was handling the money, or rather, the money received from the proceeds of the manufactured lumber taken from the prem-

ises belonging to the Forgay Lumber Company were handled in the name of the plaintiff in this action, and as shown by the letter which we have set forth herein, the plaintiff possessed full knowledge.

In basing her argument upon this appeal, that the temporary injunction was superseded by the proceedings recited in her brief, the appellant has overlooked the fact that there is nothing in the record upon which to base such an argument, and that courts do not take judicial notice of proceedings in other cases.

In *Brown* v. *Brown*, 83 Cal. App. 74 [256 Pac. 595, 600] (quoting from page 85), this court said: "Upon the hearing of this cause on appeal, the appellant produced and asked to have admitted as a part of the record, under a suggestion of diminution thereof, copies of pleadings in a case numbered 6895, entitled *Sarah M. Brown, Plaintiff,* v. *George H. Brown, Defendant,* filed and dismissed in the office of the County Clerk of Placer County, on the theory that the files in that proceeding were taken judicial notice of by the trial court in this action. In this, however, appellant is in error, as courts do not take judicial notice of the papers and files of other actions. As stated in *Sewell* v. *Price,* 164 Cal. 265 [128 Pac. 407], while courts take judicial notice of their own records, the rule is limited to proceedings in the same case. It is well settled that courts cannot in one case take judicial notice of other records in another and different case. (16 Cyc. 918; *People* v. *De La Guerra,* 24 Cal. 73; *Lake Merced Water Co.* v. *Cowles,* 31 Cal. 214; *Ralphs* v. *Hensler,* 97 Cal. 297 [32 Pac. 243].) In order to have brought the proceedings in a former case to the attention of the trial court in this case, it would have been necessary to introduce in evidence the files and pleadings sought to be admitted here as a part of the record. This not having been done such papers constitute no part of the record in this, a distinct and separate action."

Having failed to introduce any evidence in the trial court showing that the temporary injunction introduced in evidence by the respondent is not still in full force and effect, appellant is not in any position to question its validity and binding force upon this appeal, the record showing that the moneys involved in this action were deposited in pursu-

ance of the temporary injunction referred to herein, of which the plaintiff had full knowledge, and which deposits of money were made either by her or in her behalf, it follows that the judgment of the trial court must be affirmed. And it is so ordered.

Thompson (R. L.), J., and Preston, P. J., concurred.