[Civ. No. 5248. Third Appellate District.—December 17, 1934.]

LOOP BUILDING COMPANY (a Corporation), Respondent, v. C. A. DeCOO, Appellant.

130

John F. Poole and H. E. Gleason for Appellant.

George S. Hupp and Ray Howard for Respondent.

PULLEN, P. J.—Plaintiff, as assignee of Louis Henry, Roland E. Loop and Ray Howard, brought this action against ·defendant to rescind an agreement to purchase certain shares of stock in Interstate Lumber Company, a corporation. Judgment was rendered in favor of plaintiff, and defendant now appeals upon the ground of insufficiency of the evidence to sustain the findings, presenting the issues raised by a bill of exceptions.

It appears that defendant was the owner of more than a majority of the stock of Interstate Lumber Company, and for services rendered in the organization of this company had given to James H. Smith and H. E. Shannon an option to purchase all or a part of this stock. That portion of this option or agreement here pertinent provides:

"It is further understood and agreed that C. A. DeCoo will sell his stock in the Interstate Lumber Company to any officer of the Interstate Lumber Company in amounts of One Thousand Dollars ($1,000.00) at par value, plus seven per cent (7%) interest from the date of last dividends declared and paid; this to apply to any amount up to forty-nine per cent (49%) of the stock issued, the balance to be sold in one lot."

Thereafter Smith and Shannon assigned to Loop, Henry and Howard an interest in this option and a letter was sent

defendant by Mr. Howard upon behalf of himself and his associates, together with a check for $1,080. This letter is as follows:

"December 22, 1921.

"Mr. C. A. DeCoo,
    "467 Pacific Electric Building,
        "Los Angeles.

"Dear Sir:

"Enclosed find check of Mr. Roland E. Loop for $1,080, which together with a check for $4,058.33, to be handed you by Interstate Lumber Company, will make the total sum of $5,148.33. This amount represents the purchase price of Five hundred (500) shares of your Interstate Lumber Company's stock, plus interest at 7% from the date when that Company took possession of the City Lumber Company's yard, which complies with your contract with Mr. J. H. Smith."

At the time in question the Interstate Lumber Company was indebted to Messrs. Henry, Loop and Howard in the sum of $4,058.33, the same being evidenced by three promissory notes. It is also in evidence that at all of the times herein mentioned appellant was the secretary of and owned practically all of the stock of Interstate Lumber Company.

Subsequently the same parties wrote defendant, of which the following is here material:

"January 13, 1922.

"Mr. C. A. DeCoo,
    "467 Pacific Electric Building,
        "Los Angeles.

"Dear Mr. DeCoo:

"Confirming my telephone conversation with you at your house last Thursday evening, Messrs. Henry and Loop and I expect to present the notes for $4,000 and interest to Interstate Lumber Company, and ask payment to us as payees of the notes, but that this does not mean that we are withdrawing from our arrangement whereby we were to take a block of 500 shares of stock of Interstate Lumber Company on which we sent you a check for $1080."

The balance of $4,000 was never paid defendant, the only attempt toward payment being set forth in the following letter:

"January 10, 1922.

"Mr. C. A. DeCoo,

"467 Pacific Electric Building,

"Los Angeles, Calif.

"Dear Mr. DeCoo:

"Confirming our previous conversation, you may consider my previous instructions as to the issuance of $5000 worth of Interstate Lumber Company, to be modified so that all of the same may be issued to Mr. Roland E. Loop. This is to conform to your ideas that Mr. Loop is the only one of the three persons mentioned in my former letter, Henry, Loop and Howard, entitled to receive the stock under your option. We do not concur in this, but in this instance, it makes no particular difference, since as you know from the reading of Mr. Smith's copy of the contract of October 19, 1921, between Smith, Shannon and Henry, Loop and Howard, all stock purchased by any of said parties is for the joint account of all.

"I understand from you on the telephone that the certificates are all ready for Mr. Smith's signature, and I would suggest that you have the Interstate Lumber Company give you a check for $4,000, with the interest up to date, so as to save further interest. As before stated, I have the notes all ready for surrender to you whenever Mr. Loop or I receive the certificates for 500 shares of stock."

About this time a difference of opinion arose among the officers and directors of the lumber company as to the policy of the company, and particularly as to the granting of certain discounts to plaintiff herein. Defendant being in control of the lumber company then stated that he objected to plaintiff's assignors holding but a small amount of stock, sitting as directors and having a voice in the management of the concern, and that unless plaintiff's assignors would agree to take practically all of his stock off his hands he would not sell them the 500 shares contemplated but would insist they agree to invest at least $10,000 in the company.

Thereupon, on the day following this meeting, defendant tendered to Loop 100 shares of stock in consideration of the $1,080 already paid. Loop refused to accept 100 shares and the following letter was then sent defendant:

"Mr. C. A. DeCoo,                    "February 25, 1922.
    "467 Pacific Electric Building,
        "City.
"Dear Sir:

"In view of our failure to agree on future policies at the conference we had last night, upon which we were to wait before going ahead with the purchase of the 500 shares of Interstate Lumber Co. stock, as referred to in my letter of January 13th (your refusal to permit either of us to act as directors with your consent, being anything but a satisfactory policy) and in view of your announcement that you would not abide by the option to purchase your stock, given to Mr. Smith, under which option we contemplated the sale of 500 shares was to be made, unless the purchase of practically all of your stock were financed within ten days—or at least $10,000 worth—which is an arbitrary requirement, not provided for in the option, nor otherwise agreed upon, and in view of your failure to procure the remaining $4,000 and interest from Interstate Lumber Co. on our notes and your statement that you cannot do so (payment by that means being the only manner in which the 500 shares were contemplated to be purchased) we hereby withdraw our proposition to purchase 500 shares of the stock as contained in my letters of December 22, January 10 and January 13, and hereby demand the return of the $1080, and interest thereon, which you have received on account of that contemplated sale.

"In withdrawing from this particular purchase, we do not waive our rights to purchase stock at any other time under the Smith option, our rights thereunder having been heretofore communicated to you.

                    "Yours truly,
                            "ROLAND E. LOOP,
                            "LOUIS HENRY,
                            "RAY HOWARD,
                            "By RAY HOWARD."

The following day defendant replied thereto as follows:
                            "February 27, 1922.
"Messrs. Loop, Henry & Howard;
"Gentlemen:

"Referring to your favors of December 22, January 10, January 13 and February 25, would say I am, as I told

you Friday night, ready to comply as soon as the payments of the balance of the money is paid. However, I have no right to ask, or expect, the Interstate Lumber Company to pay to me the money they owe without having the notes you hold against them canceled.

"I have been put to considerable inconvenience, and some actual losses on account of your not completing this deal within a reasonable time, and shall expect to be recompensed for the same.

"Sincerely,<br>
"C. A. DeCoo."

■ Upon the basis of the foregoing correspondence it is the contention of respondent that upon the failure of defendant to deliver 500 shares of Interstate Lumber Company stock that plaintiff had a right to rescind and is entitled to a return of $1,080 paid upon account therefor.

It is apparent from the evidence and found by the court that plaintiff's assignors entered into a contract to purchase and defendant agreed to sell 500 shares of stock of Interstate Lumber Company, of which $1,080 was paid in cash and the balance was to be collected by defendant from the lumber company in satisfaction of an indebtedness by the lumber company to plaintiff's assignors represented by three promissory notes held by them.

Appellant attempted to deliver to plaintiff 100 shares in consideration of the $1,080 received but the answer does not set up any agreement to purchase 100 shares, and from his testimony it is apparent defendant never accepted the terms of the proposal by plaintiff's assignors that he collect the balance due for the stock purchased from the lumber company. It seems, therefore, that the minds of the parties never met as to the terms and conditions of the sale and therefore no contract existed as to the purchase and sale of this stock. Under such circumstances respondent is entitled to recover the money paid.

■ Appellant also contends that plaintiff herein had no capacity to sue inasmuch as the assignment was made after the commencement of this action. No objection to the assignment is made by any of the assignors. In the complaint, duly verified, an assignment is alleged; that the answer, unverified, denied the allegations of the paragraph of the complaint alleging this assignment, which, of course, would

not raise the issue. However, it appeared from the testimony the cause of action had been assigned, and after the action was commenced a formal written instrument evidencing that fact was executed. An objection was made to the introduction of this testimony and to the assignment but the objection was made after the evidence was received and was not revived by motion to strike or otherwise. Furthermore, there was no demurrer to the legal capacity of plaintiff to sue nor was such defense suggested in the answer. Other objections of a technical nature were urged but in view of our conclusions on the real issue of the case it is not necessary to pass upon these minor and collateral matters.

The judgment is affirmed.

Plummer, J., and Thompson, J., concurred.