[Civ. No. 14279. Second Dist., Div. Two. Feb. 25, 1944.]

Estate of IRA GOSNELL, Deceased. THOMAS SELBY GOSNELL et al., Appellants, v. EVALOU GOSNELL, Respondent.

William T. Selby for Appellants.

Phillip Barnett and Robert L. Dreyfus for Respondent.

WOOD (W. J.), J.—The appellants, children of Ira Gosnell, who died on July 28, 1942, have appealed from an order granting a family allowance in the sum of $250 per month to Evalou Gosnell, respondent, who married Ira Gosnell on July 5, 1941.

Respondent married Wade E. Willey at Las Vegas, Nevada, on November 6, 1942. At the hearing in the probate court respondent offered and the court received in evidence a decree of the Superior Court in and for the County of San Francisco, dated March 25, 1943, in which it was adjudged ''that the purported ceremony of marriage between Evalou Gosnell Willey and Wade Willey be, and the same is hereby, annulled and declared void and without any force or effect whatsoever from the beginning.'' It appears from the decree of the San Francisco court that notice of the time and place of the trial and findings of fact were waived by the defendant Willey and consequently the court made no findings.

 A widow loses her right to a family allowance upon her remarriage. (*Estate of Still*, 117 Cal. 509 [49 P. 463].) There was a period of approximately six months following November 6, 1942, in which respondent was the wife of Willey by virtue of the marriage at Las Vegas, a marriage that was valid for all purposes until annulled by a court having jurisdiction. If Willey had died during that period she would have been entitled to a widow's allowance from his estate. (*Estate of Harrington*, 140 Cal. 244, 247 [73 P. 1000, 98 Am.St.Rep. 51].) The wife of Willey would not be entitled to a family allowance claiming to be the widow of Gosnell. The argument that by the decree of the San Francisco court, apparently entered with the consent of Willey, she again became the widow of Gosnell is not persuasive.

 A marriage contracted in the State of Nevada which is valid under the laws of that state is valid in the State of California (Civ. Code, § 63). The right to a decree of nullity is governed by the law which determines the validity of the marriage. (*McDonald* v. *McDonald*, 6 Cal.2d 457 [58 P.2d 163, 104 A.L.R. 1290].) The rule is stated in section 136 of the Restatement of the Law of Conflicts of Law, approved in the McDonald case. ''The law governing the right to a decree of nullity is the law which determines the validity of the marriage with respect to the matter on account of which the marriage is alleged to be null.'' In

the comments of the restatement in connection with section 115 it is stated: "Therefore, in determining whether such a decree (of nullity) will be rendered, the court at the forum will be governed by the principles of the marriage law of the state which, under the appropriate Conflict of Laws rule, determines the validity of the marriage in question." In deciding whether decrees nullifying marriages celebrated in Nevada should be granted the California courts must be governed by the marriage laws of Nevada. (*McDonald* v. *McDonald, supra.*) Turning to the Nevada law, of which we take judicial notice, we find that section 4067, Nevada Compiled Laws of 1929, provides: "When either of the parties to a marriage, for want of age or understanding, shall be incapable of assenting thereto, or when fraud shall have been proved, and there shall have been no subsequent voluntary cohabitation of the parties, the marriage shall be void from the time its nullity shall be declared by a court of competent authority." It thus appears from the express provision of the marriage laws of Nevada that the marriage of respondent and Willey at Las Vegas could be declared void only from the date of the entry of the decree of a court of competent authority adjudging the nullity.

The judgment roll of the action in the San Francisco court was not admitted in evidence and appellants now contend that it was error for the trial court to receive the decree without the judgment roll, by which it could be shown that the Nevada marriage was voidable and not void. They have printed in the appendix to their brief the complaint and answer in the San Francisco action, showing that the Las Vegas marriage ceremony was performed while respondent and Willey were both intoxicated and that respondent was induced to go through with the ceremony because of the intimidations of Willey. Respondent properly contends that the complaint and answer should not now be considered by this court, for they were not introduced in evidence and we may not take judicial notice of the pleadings of actions filed in other courts. (*Plum* v. *Indian Valley Bank*, 118 Cal.App. 13, 17 [4 P.2d 543].) However, the failure to introduce the pleadings of the San Francisco action is not vital to appellant's contention. The Nevada statute appears to be substantially the same as section 82 of the Civil Code of California. It will be presumed that the action for annulment was based upon one of the grounds covered by the

Nevada statute above quoted. (*McCormack* v. *McCormack*, 175 Cal. 292 [165 P. 930].) As we have seen, it is expressly provided by the Nevada law that a marriage annulled on one of such grounds could be rendered void only from the time that its nullity is declared by a court decree. It follows that the San Francisco court was not authorized to declare the Las Vegas marriage void "from the beginning."

■ The decree nullifying the Las Vegas marriage was not conclusive as to appellants, who were not parties to the action and had no notice thereof. Section 86 of the Civil Code reads: "A judgment of nullity of marriage rendered is conclusive only as against the parties to the action and those claiming under them." In *Price* v. *Price*, 24 Cal.App. 2d 462 [75 P.2d 655], the parties made a property settlement agreement in which it was provided that the husband should pay to the wife $150 per month. But it was also provided that in the event of a divorce and remarriage of the wife the obligations of the husband would cease. The parties were divorced and the wife entered into a marriage ceremony in Mexico. The Mexican marriage was thereafter annulled by a California court. The reviewing court held that under section 86 of the Civil Code, the decree of the California court nullifying the Mexican marriage was not binding upon the husband and did not have the effect of obligating him to carry out the terms of the property settlement agreement.

The order is reversed, appellants to recover costs on appeal from respondent.

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing was denied March 14, 1944, and respondent's petition for a hearing by the Supreme Court was denied April 24, 1944. Traynor, J., voted for a hearing.