[Civ. No. 17747. Second Dist., Div. Two. Nov. 14, 1950.]

HARRY CHERRY, Respondent, v. BARNEY HAYDEN et al., Appellants.

Krieger & Harper for Appellants.

Desser, Rau, Christensen & Hoffman and David M. Hoffman for Respondent.

MOORE, P. J.—Appellants demand a reversal of a money judgment on the grounds that (1) the evidence does not support it and (2) the trial court grievously erred in its rulings.

Respondent is the assignee of American Athletic Company, a copartnership composed of Joseph Szabo, Solomon Szabo and Maury W. Wayne. Assignors having a verbal option on lots

owned by appellants for $18,500 caused plans and specifications for the construction of a two-story industrial building to be prepared by their own architect and obtained a bid from an engineering company in Pasadena to erect the building for $157,000. Thereafter, appellants offered to construct the building for $150,000 if assignors would purchase two other lots from appellants at the price of $29,000 or $31,000. Also, the latter offered to furnish the service of their architect whose compensation would be included in the cost of the building. However, they required a deposit of $5,000 to apply against the contract price. Having agreed on the basis of appellants' proposals, assignors paid them $5,000 and received from appellants a receipt as follows:

"Culver City, Calif.
May 25th, 1946

"Received of the American Athletic Company, 1630 S. Flower St., Los Angeles, California, the sum of Five Thousand Dollars ($5,000) in payment for Architect and Brokerage Fees in designing of Plans and Specifications for the construction of a building on Lots 55 and 56 Tract 13503.

"In the event that the American Athletic Co. decides not to construct the building then the above Five Thousand Dollars is to apply on the Architectural and Brokerage fees. In the event that the plans are approved by the American Athletic Co., the above amount will be returned in full.

(Signed)       HAYDEN INVESTMENT COMPANY"

In the course of work, appellants' architect suggested numerous changes in the plans but no suggestion was made that the proposed modifications would entail additional cost of construction to assignors. Upon Szabo's return from New York in August, he was notified by Sam Hayden that on account of the "various changes and everything else, the cost of the building was much higher, and that he couldn't possibly make it for the price he had agreed to build it for . . . he would have to have $195,000 instead of $150,000." Upon Szabo's suggestion that if appellants could not incorporate the several changes they should go back to the original plan which they had agreed to build for $150,000, Hayden stated that he did not wish to have anything to do with it; that "the unions had socked him for additional increases in labor . . . and his cost had gone up . . . just forget about the whole deal." After their several demands for the return of the $5,000, assignors transferred their claim to respondent who

thereupon filed his complaint in three common counts, to wit: moneys had and received, account stated, money loaned. The court found them all to be true.

The contention that the evidence does not warrant the judgment is without support. The receipt issued by appellants for the $5,000 promised that if ''the plans are approved by the American Athletic Company, the above amount will be returned in full.'' The testimony of Szabo gives clear, positive support to the implied findings that the plans were approved. Not only did assignors present plans of their own at the early conference with appellants, but they approved of the new plans prepared by the architect of appellants and stood ready, able and willing to perform their agreements even though assignors reduced the floor and wall areas on their plans. There is no impeachment of Szabo's testimony.

Since it is not inherently improbable (*People* v. *Huston*, 21 Cal.2d 690, 693 [134 P.2d 758]), the court was at liberty to adopt it as the basis of decision. Appellants' deprecatory comments upon the testimony of Szabo are of no avail. [3] It is orthodox that the trial court is the constitutional finder of the facts and its decision will not be disturbed on appeal by reason of appellants' adverse comment upon the respondent's witnesses. (*Jones* v. *Re-Mine Oil Co.*, 47 Cal.App.2d 832, 836 [119 P.2d 219]; *Hicks* v. *Ocean Shore Railroad, Inc.*, 18 Cal. 2d 773, 781 [117 P.2d 850]; *Tupman* v. *Haberkern*, 208 Cal. 256, 262 [280 P. 970].)

The judgment is just. There was a total failure of consideration for the $5,000. Assignors received nothing for it except the annoyance caused by appellants. Assignors are therefore entitled to recover their deposit in full. (*Bray* v. *Lowery*, 163 Cal. 256, 261 [124 P. 1004]; *Loop Building Co.* v. *DeCoo*, 3 Cal.App.2d 129, 134 [38 P.2d 816].) Moneys held by defendants which in equity and good conscience should be paid to plaintiff must be awarded to him. (*Anderson* v. *Berger*, 101 Cal.App. 728, 733 [282 P. 416].) Where a defendant has abandoned his contract to build a house he is liable for the detriment suffered by the plaintiff by reason of such breach and notice of rescission is not essential to his recovery. (*McWhinney* v. *Ewers*, 112 Cal.App. 448, 453 [297 P. 42].) On the other hand, if the minds of assignors and of appellants never met with respect to the construction of a building as appellants contend, then no contract was made and on that basis retention of the money would be unjust enrichment and

respondent is entitled to the award. (*Moore* v. *White,* 98 Cal. App.2d 510, 512 [220 P.2d 918]; *Blake* v. *Mosher,* 11 Cal. App.2d 532, 536 [54 P.2d 492].)

█ In their present attempt to impeach the testimony of Szabo appellants contend that this court should take judicial notice of the contents of the files in a bankruptcy proceeding in the federal court, citing the Code of Civil Procedure, section 1875, subdivision 3; *People* v. *Associated Oil Co.,* 211 Cal. 93, 105 [294 P. 717]; *Bell* v. *Southern Pacific Co.,* 189 Cal. 421, 425 [208 P. 970]; *Ogilvie* v. *Aetna Life Ins. Co.,* 189 Cal. 406, 414 [209 P. 26, 26 A.L.R. 116]. Their contention is without support. A court may not have judicial knowledge of actions pending in any court other than those in its own files. (*Estate of Gosnell,* 63 Cal.App.2d 38, 40 [146 P.2d 42]; *Plum* v. *Indian Valley Bank,* 118 Cal.App. 13, 17 [4 P.2d 543]; *Popcorn Equipment Co.* v. *Page,* 92 Cal.App.2d 448, 452 [207 P.2d 647].) As to Szabo's alleged perjury no evidence of the contents of the records in the federal court was offered.

█ Also, they assign as error the ruling whereby Szabo was allowed to testify to his conversation with Sam Hayden with respect to the construction, in that his testimony varied the terms of the receipt. A sufficient answer thereto is that no objection was made to such testimony. However, there was nothing in the conversation that was contrary to the receipt.

The contention that the $5,000 deposit was disbursed for the benefit of assignors and therefore they are not entitled to recover is the fruitage of excessive zeal. The implied finding is that appellants agreed that no charges would be made for the architectural services employed by appellants. Their proposed changes appear to have been designed for no purpose other than to reduce their costs of construction.

█ They complain that assignors failed to give notice of rescission. This question also not having been raised at the trial cannot now be urged. █ But since there was a total failure of consideration, notice of rescission was not essential to the maintenance of the action. (*Philpott* v. *Superior Court,* 1 Cal.2d 512, 525 [36 P.2d 635, 95 A.L.R. 990]; *Orton* v. *Privett,* 202 Cal. 754, 757 [262 P. 713].)

█ Assignment is made of the court's failure to make special findings with respect to appellants' agreement to construct the building for $150,000. Such findings are not necessary. Inasmuch as the complaint pleads only common counts it was sufficient to find in its language. (*Maynes* v. *Galliano,*

57 Cal.App. 647, 650 [207 P. 1016].) In such event the court impliedly found in accordance with the evidence presented by the prevailing party.

Judgment affirmed.

McComb, J., and Wilson, J., concurred.