[Civ. No. 11623. Second Appellate District, Division Two.—January 20, 1938.]

BERENICE PAGE PRICE, Plaintiff and Appellant, v. GEORGE E. PRICE, Defendant and Appellant.

John L. Huntzinger for Plaintiff and Appellant.

Loeb, Walker & Loeb, Henry Duque, Herman F. Selvin and Harry Friedman for Defendant and Appellant.

WOOD, J.—In this litigation a cross-complaint was filed and both parties have appealed. For clarity the parties will be referred to herein as plaintiff and defendant.

A property settlement agreement was made by plaintiff and defendant on September 23, 1925, in the city of New York while they were husband and wife but living separate and apart. In the agreement it was provided that defendant should pay to plaintiff the sum of $75 per week and it was further provided that, "in the event of a divorce between the parties, and the remarriage of the wife, all obligations of the husband for her maintenance and support shall cease and determine". After the execution of the agreement plaintiff and defendant were divorced and plaintiff became a resident of the city of Los Angeles. In the year 1934 defendant was in arrears in his payments and plaintiff went to New York, where she met defendant and a new agreement was made on July 12, 1934, whereby the amount of the payments to be made were reduced. On March 14, 1936, plaintiff was married to one Bert Bergstedt at Ensenada, Mexico. A decree annulling this marriage was obtained in Los Angeles County on November 16, 1936. By her complaint plaintiff seeks judgment for the payments due her in accordance with the

original agreement and defendant by his cross-complaint seeks judgment against plaintiff for the sum of $650, which was paid to plaintiff before defendant was informed of her remarriage. The trial court rendered judgment in plaintiff's favor for the sum due under the original agreement up to the date of the remarriage of plaintiff. The court also rendered judgment in favor of defendant for the sum paid by him after the remarriage of the plaintiff and before defendant was aware of it.

Defendant paid all the sums due in accordance with the original agreement up to July 12, 1934. On that date plaintiff signed and delivered to defendant a written statement as follows: ''Thank you very much for the cheque for $1,625 —and also the cash for $225.00, this clears us up to August 12. Commencing the week of Aug. 13 you are to send me $50.00 a week until Nov. 1. After that time you are to send me $150.00 per month as full payment due me.'' Thereafter all payments were made by defendant and accepted by plaintiff in accordance with the modified agreement and in full satisfaction of the obligations of defendant. ■ The agreement of July 12, 1934, modifying the original agreement has been fully executed. The trial court, on sufficient evidence, found that the original agreement had been modified, but erroneously held that the agreement was not effective for want of a consideration. No consideration was necessary. The rule is that ''an executed oral agreement will serve as a modification or release of a written agreement and this too without regard to the presence or absence of a consideration''. (*Julian* v. *Gold,* 214 Cal. 74, 76 [3 Pac. (2d) 1009].) The judgment in plaintiff's favor is erroneous.

■ Plaintiff contends that the decree of the Los Angeles court annulling her marriage in Mexico has the effect of placing her in position to demand fulfillment of the obligations of defendant under the separation agreement notwithstanding the provision therein that in case of remarriage of plaintiff the obligations of defendant should cease. The trial court held that ''by reason of plaintiff taking part in said marriage ceremony above referred to all of the obligations of defendant George E. Price as called for in the written agreement of . September 23, 1925, ceased and terminated and since March 15, 1936, defendant George E. Price has

been relieved of and from any and all obligations whatsoever to plaintiff provided for in said written agreement''.

The right of the courts of a given jurisdiction to annul marriages contracted in foreign states has been often questioned. Much confusion has resulted from the decisions of the courts of the various states and of foreign countries on the subject. In an article appearing in the Harvard Law Review the view is expressed that an annulment should be sought in the courts of the state in which the marriage ceremony was performed. (Goodrich, Jurisdiction to Annul a Marriage, 32 Harvard Law Review, 806; Joseph H. Beale, Progress of the Law, 33 Harvard Law Review, 1, 12. See, also, 37 Harvard Law Review, 150.) A contrary view is expressed in an article appearing in 18 California Law Review, 105. Two California cases are relied upon in the briefs before us. Defendant relies upon a statement in *Mayer* v. *Mayer*, 207 Cal. 685, 696 [279 Pac. 783] : ''Since the validity of marriages is generally determined by the law of the state where the marriage took place, there are cogent reasons why annulment should be sought in the tribunals of that state.'' The statement must, however, be classified as *dictum*. Plaintiff relies upon *McCormack* v. *McCormack*, 175 Cal. 292 [165 Pac. 930]. That case, however, is not determinative of the question now before us. The parties had been married in Canada and the Superior Court of the State of Washington entered a judgment declaring the marriage null and void. Later one of the parties sought a divorce in California. The trial court held that the parties were not husband and wife and denied the divorce. In affirming the judgment our Supreme Court pointed out that the evidence upon which the findings were made was not incorporated in the record, and that the Supreme Court of Washington had upheld the rights of the Washington court to annul the marriage. The court further pointed out that there was nothing in the record showing the grounds upon which the Washington court acted in annulling the contract of marriage. It was held that since nothing appeared to the contrary it was to be presumed that the action for annulment was based upon some one of the grounds specified in section 82 of the Civil Code as cause for annulling the marriage, and further, that the judgment of the Washington court was, under the federal

Constitution, entitled to the same consideration and weight as though rendered by a California court.

At the trial the court received in evidence the files in the action in which plaintiff obtained a decree annulling her marriage to Bergstedt. From these files it appears that no appearance was made by Bergstedt and that his default was entered. From the decree it appears that plaintiff and Bergstedt "entered into a purported contract of marriage" before a judicial officer in Mexico but that neither of them had been domiciled in Mexico; also that one of the witnesses who signed the certificate of marriage was not known to plaintiff before the date of the marriage ceremony. It also appears from the decree that by virtue of the laws of Mexico, "the witnesses whose signatures appear on the marriage certificate must be known to each contracting party, well, and that the witnesses be sure that the contracting parties have no impediments for marriage", further that, "at least one of the contracting parties be a resident of or domiciled in the judicial district in which said judge officiates", and further that if any one of these requirements be lacking the marriage performed shall be null and void. The provisions of the Mexican law on the subject of the requirements for celebrating marriages, as appears from the decree of annulment, are peculiar to Mexico and are not commonly found in the laws of the American states. At the trial of the present litigation no evidence was received on the subject other than the files of the annulment action. No evidence was offered to prove what took place at the time of the marriage ceremony in Mexico. No evidence was offered to prove the requirements of the Mexican laws, the interpretation given to them by the highest tribunals of Mexico, or the effect of the performance of the marriage ceremony during the period before its annulment by action in court.

Section 82 of the Civil Code of California provides that "a marriage may be annulled for any of the following causes, existing at the time of the marriage". Then follows a statement of six grounds, or causes, for which the court may decree annulment. The failure to comply with a statutory requirement as to the steps to be taken in celebrating a marriage is not given as a cause for annulment. The section does not authorize the court to grant a decree of annulment

for either of the causes for which plaintiff obtained the decree nullifying her marriage to Bergstedt.

Section 86 of the Civil Code provides: "A judgment of nullity of marriage rendered is conclusive only as against the parties to the action and those claiming under them." Plaintiff relies upon section 1908 of the Code of Civil Procedure, which prescribes the effect of judgments. The last named section, however, concerns judgments in general and must give way to the provisions contained in section 86 of the Civil Code, which relates expressly and specifically to a judgment by which the nullity of a marriage is decreed. Regardless of the question of the right of the superior court in Los Angeles to render a judgment of nullity of the marriage contracted in Mexico in so far as it concerns plaintiff and Bergstedt, a question we consider unnecessary to decide, we are satisfied that the decree is not conclusive as to defendant in the present litigation, is not binding upon him and does not have the effect of obligating him to carry out the terms of the property settlement agreement.

The judgment in favor of plaintiff for $2,975 is reversed. The judgment in favor of defendant and cross-complainant for the recovery of $650 and declaring him to be free from the obligation of supporting plaintiff is affirmed.

Crail, P. J., and McComb, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 21, 1938. Waste, C. J., Curtis, J., and Edmonds, J., voted for a hearing.