[Civ. No. 20220. Second Dist., Div. Two. July 7, 1954.]

KATHRYN MALONE, as Guardian, etc., Respondent, v. CITY OF LOS ANGELES et al., Appellants.

448

Roger Arnebergh, City Attorney, Bourke Jones and John J. Tully, Jr., Assistant City Attorneys, for Appellants.

Collins & Woolway for Respondent.

MOORE, P. J.—The question for decision is whether the son of a deceased employee of the city of Los Angeles, under the age of 18 years who has been adopted by his stepfather, is still entitled to a pension as the orphan of such deceased employee.

One Joseph William Kacl was employed by the city as a fireman and was a member of the fire and police pension system. He was killed in the performance of his duties November 6, 1939. A pension having been awarded to respondent as the widow of Fireman Kacl, it was discontinued in 1945 on her marriage to Gerald Malone. Subsequently she was ap-

pointed guardian of the person and estate of her son Joseph William Kacl II, whereupon she applied to appellants for a pension for Junior under the provisions of section 183 of the city charter,* and the child was granted such pension. Thereafter, by decree of the court, Gerald Malone adopted the boy on November 20, 1946, and Joseph William II has lived with his mother and Gerald in their home.

Proceedings were duly instituted by the board of pension commissioners who gave notice to respondent that no further pension would be paid on the ground that the minor had ceased to be a son of respondent's deceased husband and thereby ceased to be entitled to benefits of section 183. Thereafter, no pension was paid to the adopted son and the pension board notified respondent that no further pension benefit would be paid to Joseph William II and demanded restitution of all sums paid to the child as pension money prior to November 28, 1952, in the total sum of $6,304.53. Subsequently, respondent as guardian of her minor son petitioned the superior court for a writ of mandate to compel appellants to resume payment of the pension to Joseph William II. Upon the issues raised by the "return" of the board of pension commissioners, the court tried the controversy and made findings in accordance with the allegations of Mrs. Malone and concluded that the board should resume payment of all sums to which the minor son is entitled "computed back to November 28, 1952." Judgment followed.

Appellants now demand a reversal on the grounds that (1) the adoption of the minor by Gerald Malone terminated the boy's pension rights; (2) section 183 of article XVII of the city charter does authorize the termination or forfeiture of the "minor's pension rights upon, or and by reason of, his adoption during the period of his entitlement, (3) it was error

---

*Section 183, Los Angeles City Charter: "Whenever any member of the Fire or Police Department shall die as a result of any injury received during the performance of his duty . . . then an annual pension shall be paid in equal monthly installments to his widow, or child or children, or dependent parent or parents. . . . Said pension shall be paid to the widow during her lifetime or until she remarries, and thereafter a pension shall be paid . . . to the legally appointed guardian of the child or children of such deceased member until such child or children shall have attained the age of eighteen years . . . or to his dependent parent or parents during their lifetime or during such dependence, should there be no widow or child . . . and provided, further, that if such widow, child or children shall marry, then the pension paid to the person so marrying shall cease, and provided, further, that should the dependency of such parent or parents terminate, then the pension paid to such dependent parent or parents shall cease."

450

## Discontinuance of the Minor's Pension, Not Lawful

There is no uncertainty in section 183 with respect to the child of a member of the fire department. Its language is mandatory that an annual pension shall be paid to the child of a fireman who "shall die as a result of any injury received during the performance of his duty . . . in equal monthly installments . . . to the legally appointed guardian of the child . . . until such child shall have attained the age of eighteen years" and not have married. The section does not vest any court with power to enlarge or restrict the pension rights so granted. The section is a firm expression of the public policy of the state. It was adopted by the people of the city of Los Angeles and approved by the Legislature, and will continue to be the law until repealed by that lawmaking body. Courts are powerless to disrupt the effective operation of the pension rights thereby created. (*McCarthy* v. *City of Oakland,* 60 Cal.App.2d 546, 549 [141 P.2d 4].) Because sections 25 and 196 of the Civil Code make it the legal obligation of a parent to support his son throughout minority, appellants contend that the authors of the charter must have intended the pension provided for a fireman's child should be paid to a child only to whom the deceased in his lifetime was obligated to support. From this it is contended that by providing for the termination of such a pension upon the son's attainment to the age of 18 years, it was intended by the authors of the charter that such a pension was to be paid only so long as such son "continues to be in the specified and qualifying status of dependency" upon the deceased fireman and that same is to be terminated when the son has lost or should lose the qualifying status by reason of actual financial self-sufficiency.

But section 183 does not divest a minor son of his pension rights if his dependency should terminate. The only causes for a divestiture of a minor son of his pension rights are two: (1) becoming eighteen; (2) his marriage. While it is provided that the pension rights of a parent shall terminate when his dependency terminates, no such provision as to a minor son is found in the charter. Under the doctrine of *expressio unius est exclusio alterius* the section emphatically rejects the notion that the son's pension rights were terminated when he became the adoptee of Mr. Malone. (See

*Regents of the University of California* v. *F. H. Johnson,* 2 Cal.App.2d 203, 205 [37 P.2d 473].)

The proposition of terminating pension rights upon the adoption of a minor son of a deceased employee is sociologically unsound. ■ Pensions are granted by sovereign authority for two purposes, namely, (1) to assure the recipient of support by supplying his economic needs; (2) to maintain a stable, public economy. ■ It will be remembered that pension provisions are a part of the contemplated compensation of the city employee and therefore a consideration of the employment contract. (*Kern* v. *City of Long Beach,* 29 Cal.2d 848, 852 [179 P.2d 799].) Of course, it is a fairly reasonable assumption that when a boy is adopted, his adoptive parents will provide him the support necessary for his bodily welfare. But such assumption is not a guaranty. The adoptive father of the minor son of a deceased city employee may fail, become helpless or die. Should such minor suffer even though the law has made provision for his economic security? Moreover, inasmuch as the framers of the charter knew the likelihood of the widow of a deceased employee to remarry, it is a fair presumption that they contemplated the new husband might adopt the widow's children. ■ Therefore, in the absence of a charter provision to terminate the pension rights of an orphan of the deceased employee, it must be concluded that the charter framers did not intend that a son of a deceased employee should be deprived of his pension by reason of his adoption.

■ Appellants' contention that the adoption of the child made the charter's pension provisions no longer applicable is without support. The authorities cited pertain only to the effect of adoption on the laws of inheritance. (See 2 Cal.Jur. 2d 46; *Estate of Jobson,* 164 Cal. 312 [128 P. 938, 43 L.R.A.N.S. 1062]; *Estate of Darling,* 173 Cal. 221 [159 P. 606]; *Estate of Pillsbury,* 175 Cal. 454 [166 P. 11, 3 A.L.R. 1396].) The adoption of decedent's son by his stepfather long subsequent to the father's decease is quite another question. When respondent married Mr. Malone, the boy's pension rights had already become vested. They were not affected by anything that occurred and cannot be altered until the boy shall have married or attained the age of 18 years. (*McCarthy* v. *City of Oakland, supra,* 550.) While the adoption changed his legal relationships with respect to his inheritance, it had no such effect as to deprive him of a vested right. Merely because

Mr. Malone assumed the burden of supporting the boy, the latter was not thereby deprived of his possession whether it was money in the bank or in the city treasury. Decedent's contract with the municipality bound it to pay him a pension after his retirement, and a pension to his son if the father should die in the pursuit of his duties as a fireman. Either pension is a part of decedent's compensation for his services to the city. If the framers of the charter had intended that the boy's pension should cease when a good fairy should come into his life, they could have said as much. They concluded otherwise. They computed a pension that would support him during the first 18 years of his minority. That it should be payable in monthly installments was a detail to aid both payor and payee. At any rate, when a pension system has become established by a city and an employee has fulfilled all the conditions required of him as a beneficiary thereof, the payment of the sums provided in the pension statute becomes an indefeasible, vested property right. (*Kern* v. *City of Long Beach, supra,* 851; *Klench* v. *Board of Pension Fund Commissioners of Stockton,* 79 Cal.App. 171, 182 [249 P. 46].)

█ In view of the doctrine that pension statutes are to be liberally construed with the view to the protection of the pensioner and his family (*England* v. *City of Long Beach,* 27 Cal.2d 343, 346 [163 P.2d 865]; *McKeag* v. *Board of Pension Commissioners,* 21 Cal.2d 386, 390 [132 P.2d 198]; *Lundrigan* v. *City of Los Angeles,* 82 Cal.App.2d 238, 253 [186 P.2d 12]), the conclusions derived from the record of this action, the charter provisions, and the cited authorities cannot be fairly obviated.

Judgment affirmed.

McComb, J., and Fox, J., concurred.

A petition for a rehearing was denied July 22, 1954, and appellants' petition for a hearing by the Supreme Court was denied September 2, 1954.