[Civ. No. 24525.   Second Dist., Div. One.   Sept. 12, 1960.]

EVELYN R. COTTAM, Respondent, v. CITY OF LOS ANGELES et al., Appellants.

Roger Arnebergh, City Attorney, Bourke Jones and John J. Tully, Jr., Assistant City Attorneys, for Appellants.

Jones & Tollefson and Philip F. Jones for Respondent.

SCOTT (Robert H.), J. pro tem.*—Defendants appeal from a judgment ordering them to restore to the widow of a deceased police officer pension rights held by her prior to a second marriage which had been annulled before the filing of the instant case.

Parry Cottam was employed by defendant city as a police officer and was killed in the line of duty on May 15, 1950, leaving his widow, Evelyn R. Cottam, the plaintiff, and two minor children: Christian (who was of the age of 12 years when the complaint was filed February 11, 1958), and Dallas (who was of the age of 10 years on that date).

Under the provisions of section 183 of the Charter of the

*Assigned by Chairman of Judicial Council.

City of Los Angeles a widow's pension was granted to Mrs. Cottam, effective May 17, 1950, in the amount of $204.82, which included $58.52 because of the minor children. This monthly pension was paid to her until December 20, 1954. On that date she married one Elmer T. Berg, with whom she lived until September 5, 1955.

Subsequent to this marriage, the petitioner, then known as Mrs. Berg, was appointed as guardian of the estates of the two children and, effective December 20, 1954, they were awarded a combined monthly pension of $146.30.

Thereafter, the marriage of petitioner to Berg was annulled on the ground of fraud, by a judgment entered May 7, 1956, and petitioner's former name of Cottam was restored to her. Berg had fraudulently represented that he was able to consummate the marital obligation and relationship, whereas he was psychologically and physically unable to do so, and the marriage was never consummated because of that inability.

On May 18, 1956, Mrs. Cottam applied to defendants for reinstatement of her widow's pension of $204.82. This was refused. By a temporary cooperative arrangement and without any waiver of defendant's rights, the pension to the children alone, after a brief interruption, has been maintained.

By judgment in the case now before us, entered June 17, 1959, it was "Ordered, adjudged and decreed that a Peremptory Writ of Mandate in due form of law be issued, requiring respondents to reinstate petitioner to her pension rights as the widow of Parry Cottam as of May 7, 1956, and to pay to petitioner all benefits which have accrued to her by virtue of said rights since that date, except all sums paid to petitioner as guardian of Christian Cottam and Dallas Cottam, the above named minors, by respondents, from May 11, 1956, until this judgment becomes final, shall be a credit against sums otherwise due to her under the provisions of the decree herein."

On appeal, defendant city contends that, under the provisions of section 86 of the Civil Code, the judgment annulling petitioner's marriage to Berg is not conclusive as to defendant and therefore is not effective as to it. The city also undertakes to speak in behalf of the two children who were named as defendants in this case and who, prior to the judgment herein, were entitled to be paid a pension until each reaches the age of 18 years or marries prior thereto.

The applicable portions of section 183 of the Charter of the City of Los Angeles provide that:

"Whenever any member of the Fire or Police Department

shall die as a result of any injury received during the performance of his duty, or from sickness caused by the discharge of such duty, or after retirement, or while eligible to retirement from such department on account of years of service, then an annual pension shall be paid in equal monthly installments to his widow . . . during her lifetime or until she remarries, and thereafter a pension shall be paid . . . to the legally appointed guardian of the child or children of such deceased member until such child or children shall have attained the age of eighteen years, . . . and provided, further, that if such widow, child or children shall marry, then the pension paid to the person so marrying shall cease. . . .''

Section 86 of the Civil Code provides that: ''A judgment of nullity of marriage rendered is conclusive only as against the parties to the action and those claiming under them.''

■ In considering this case we must bear in mind ''the rule so firmly established in this state that pension legislation must be liberally construed and applied to the end that the beneficent results of such legislation may be achieved. Pension provisions in our law are founded upon sound public policy and with the objects of protecting, in a proper case, the pensioner and his dependents against economic insecurity. In order to confer the benefits intended, such legislation should be applied fairly and broadly.'' (*Eichelberger* v. *City of Berkeley*, 46 Cal.2d 182, 188 [293 P.2d 1]; *Cordell* v. *City of Los Angeles*, 67 Cal.App. 2d 257, 266 [154 P.2d 31]; 38 Cal.Jur.2d, p. 316.)

The language of section 86, Civil Code, has been considered in several cases cited by defendant city which are factually distinguishable from the present case. The case of *Price* v. *Price*, 24 Cal.App.2d 462 [75 P.2d 655], and *Sefton* v. *Sefton*, 45 Cal.2d 872 [291 P.2d 439], each involved a wife and a former husband, and the case of *Estate of Gosnell*, 63 Cal.App. 2d 38 [146 P.2d 42] involved a widow and the estate of a former husband. It is urged that because a decree of annulment is conclusive only as against the parties to the action and those claiming under them it is not effective as against the city in this case.

■ The correct construction and application of the charter provisions required in this case a determination by the trial court that the widow was entitled to be restored to the benefits which she enjoyed before the ineffectual marriage which was later annulled.

The federal district court in *Pearsall* v. *Folsom*, 138 F.Supp.

939, gave careful consideration to the problem here presented as it applied to a widow seeking restoration of rights under the Social Security Act after the annulment of a subsequent marriage and decreed such restoration.

It pointed out that the plaintiff (like the widow in the case now before us) was an innocent party who would lose rights she otherwise would have enjoyed except for a third party's misconduct.

The defendant city has not contended that the judicial decree of annulment was lacking in evidentiary support or that any act or omission of the respondent widow was improper. The trial court in this case could have expanded its findings of fact as to matters presented at the annulment trial which supported the decree. We see no reason to amplify them at this time, because it is apparent that the controversy on this appeal does not center around the sufficiency of the facts or law to support the annulment decree. Although that decree was not conclusive as against defendant city, it was clearly effective against it in this case.

Defendants recognize and direct our attention to the vested interest of the minor children in their pension rights. (*Malone* v. *City of Los Angeles,* 126 Cal.App.2d 447 [272 P.2d 796].) The two minor children are now receiving a total of $146.30 per month, which is being paid to their mother, petitioner herein, as their guardian. The trial court's order restores the monthly payment to an amount of $204.82 to care for the widow and the children. It held that this order does not divest the minors of any rights. It may reasonably be considered that it merges these rights, for the children's greater benefit, into the amount paid to their mother for the support of all three of them. It would require an unduly strict construction of the law to say that these two children will benefit more greatly if their mother does not receive the additional $58.52 each month and, because of the lack of that further pension benefit, must maintain a lower standard of living in the home or deny the children maternal care and supervision while she supplements their income with further outside employment.

Judgment affirmed.

Fourt, Acting P. J., and Lillie, J., concurred.