[Civ. No. 22097.   First Dist., Div. One.   June 23, 1965.]

KATHERINE SPEIGHT, Plaintiff, Cross-defendant and Appellant, v. GLADYS E. MILLION, Defendant, Cross-complainant and Respondent; CITY OF OAKLAND et al., Defendants, Cross-defendants and Respondents.

Willard E. Bohn for Plaintiff, Cross-defendant and Appellant.

Sabraw & Avera and Fred E. Avera for Defendant, Cross-complainant and Respondent.

Hilton J. Melby, City Attorney, and Wilbur C. Cole, Jr., Deputy City Attorney, for Defendants, Cross-defendants and Respondents.

MOLINARI, J.—Plaintiff and cross-defendant, Katherine Speight, appeals from the judgment of the court determining and decreeing that defendant and cross-complainant, Gladys E. Million, is entitled to receive all death benefits payable by the City of Oakland or the Oakland Municipal Employees' Retirement System by reason of the death of one Donald A. Million. The court also decreed that plaintiff has no interest in or to these monies.[1]

---

[1]The procedural background of the instant case is as follows: The action was commenced by the filing of a "Complaint [by plaintiff] to Determine Conflicting Claims and to Quiet Title to Personal Property." This complaint named as defendants (in addition to several "Does") Gladys E. Million, the City of Oakland, and the Board of Administration of the Oakland Municipal Employees' Retirement System. The City of Oakland and the Board of Administration filed an answer to this complaint stating that they had no claim to the death benefits adverse to either plaintiff or defendant Million; that only one of the two claimants was entitled to receive the death benefits payable by reason of the death of Donald Million and that they were ready to pay the appropriate death benefit to whichever of the two claimants the court determined to be entitled to such money. Defendant Million filed in addition to her

## The Facts

The facts concerning the conflicting claims to the subject death benefits are undisputed and to a large extent are contained in the record as stipulations between the parties. They are as follows:

The City of Oakland established and regulates the Oakland Municipal Employees' Retirement System by Ordinance No. 713 C.M.S. From the date of the establishment of this system until 1959, the system provided for death benefits payable only to the beneficiary whom the employee-member designated, or, if none had been named by the employee, to the estate of the deceased employee. In 1959 certain sections were added to this ordinance, providing for the payment, under certain circumstances, of a monthly allowance to the employee's widow, or if there be no surviving spouse, to the unmarried children under 18 years of age.

Decedent, Donald A. Million, an employee of the City of Oakland, became a member of the retirement system on January 23, 1941. His membership statement, dated August 6, 1940, named plaintiff, then his wife ("Kay A. Million"), as beneficiary of any death benefits payable under this system. On September 13, 1943, decedent and plaintiff were divorced, decedent marrying defendant on February 8, 1944, and remaining married to defendant until his death on January 1, 1962. At no time prior to his death, however, did decedent change the designation of beneficiary which he had made upon his original membership in the retirement system.

During the time of his membership in the retirement system decedent contributed a total of $6,113 ($7,421.23 with interest) to the retirement fund, of which $222.67 was contributed while he was married to plaintiff and $5,770.69 during his marriage to defendant. At the time of his death he was qualified for retirement, having reached the age of 57 and having been a city employee for over 20 years.

After the death of decedent, both plaintiff and defendant filed timely claims with the City of Oakland and the Board of Administration of the Oakland Municipal Employees' Re-

---

answer a "Cross-Complaint for Declaratory Relief," setting forth her alleged right to the death benefits payable by reason of Donald Million's death. Both plaintiff and the city and the board (jointly) filed answers to defendant Million's cross-complaint, and the cause proceeded to trial in this posture. Since the city and the board, although named as defendants in plaintiff's complaint and as cross-defendants in Million's cross-complaint, are in reality mere stakeholders in this action, we refer hereinafter to the real parties in interest, Katherine Speight and Gladys Million, as plaintiff and defendant, respectively.

tirement System for death benefits under Ordinance No. 713 C.M.S. Plaintiff claimed as the designated beneficiary[2] and defendant as the surviving widow under the 1959 additions to the ordinance.[3] Both claims were, however, denied by the city and the board, they being unable to determine which of the two claimants was eligible for receipt of the death benefits.

## *The Issue*

The sole issue which we are called upon to decide on this appeal concerns the interpretation of various provisions of the City of Oakland Ordinance No. 713 C.M.S., and, more specifically, which claim, as between defendant's claim for a widow's allowance and plaintiff's claim to death benefits, is entitled to priority. Our resolution of this issue requires initially a detailed study and analysis of the relevant provisions of the ordinance and of the overall scheme of the retirement system. We begin, therefore, with a consideration of those provisions which were in effect prior to 1959 and which provided for the payment of certain "death benefits" to the employee's designated beneficiary. The first of these provisions is section 17.5 which provides that "A member may nominate a beneficiary to whom the death benefit hereafter provided for shall be payable." Section 18, insofar as pertinent here, then provides for the payment of death benefits to this designated beneficiary in the event that the employee dies before retirement.[4] It is apparent from these sections and from section 18.2, which provides for death benefits in the event the employee dies after retirement, that prior to 1959 (unless an employee elected an optional settlement under section 18.1) a death benefit consisted of a limited lump-sum payment to the designated beneficiary of the deceased employee, or to his estate in the event he failed to designate such beneficiary. It is further apparent that in the event the employee died before retirement, the death benefits provided for under section 18 were payable regardless of the length of time the decedent had been employed by the city.

In 1959 the retirement system was expanded to provide for monthly allowance payments to the family of the deceased

[2]Plaintiff made a claim for the death benefit which, according to the ordinance, would be payable to her if her claim were given priority. This sum amounted to $11,045.73.

[3]Defendant made a claim for a monthly allowance of $78.34.

[4]§ 18, in pertinent part, provides as follows: "Upon the death of a member before retirement, there shall be paid to his designated beneficiary . . . : (1) His accumulated contributions. (2) And a further sum provided by contributions of the City. . . ." (Method of computation is then set out.)

employee. To this end sections 17.2 and 17.3 were enacted, providing, respectively, for such payments upon the death of the deceased employee after and before his retirement. Section 17.3 provides, in pertinent part, that "Upon the death before retirement of a member who is qualified for service retirement under Section 13 of this Ordinance by attainment of the age of at least fifty-two (52) years with credit for twenty (20) or more years of service, . . . a monthly allowance equal to one-half of the monthly retirement allowance . . . , which the member would have been entitled to receive if he had retired for service on the date of his death, shall be payable: (a) To the member's widow . . . ; or (b) If there is no qualifying surviving spouse, or if such spouse dies or remarries, to unmarried children . . . of the member, who are under 18 years of age." Section 17.3 also provides in part: "*The allowance payable under this Section 17.3 shall be in lieu of the death benefit provided for in Section 18 of this Ordinance . . . , but a person qualifying for the allowance or such person's guardian may elect, before the first payment on account of it, to receive such death benefit in lieu of the allowance.*" (Italics added.)

Before proceeding to discuss the merits of the instant case we note that section 17.3 is not as unlimited in its application as the above-discussed death benefit provisions, since by its terms section 17.3 applies only when the deceased employee leaves either a surviving spouse or unmarried children under 18 years of age. We also note that the applicability of section 17.3 depends upon whether, at the time of his death, the particular employee was qualified for service retirement within the scope of section 13 of the ordinance, this qualification being based upon his age and the number of the years of employment with the city. Therefore, while the city was formerly required to pay death benefits upon the death of every city employee pursuant to section 18, under section 17.3 it need only pay the retirement allowance to the families of those employees who have at the time of their death qualified for retirement benefits.

Under the facts of the instant case, the deceased employee died leaving a widow and was qualified for retirement at the time of his death. Therefore, if we consider only those provisions of the ordinance which deal with the city's liability to pay a retirement allowance, decedent's surviving widow would be entitled to receive a monthly allowance from the city. However, the deceased employee also designated a beneficiary other than the surviving widow to receive whatever death

benefits the city would be obligated to pay upon his death. Under the terms of section 18, therefore, the city would appear to be liable to such beneficiary, plaintiff in the instant action. The issue accordingly presents itself as to whether the city is obligated to pay both a retirement allowance to defendant and death benefits to plaintiff, and if it is not required to pay both of these claims, which of the two is entitled to priority.

### The Priority in the Instant Case

■ Turning to the situation here presented, where the employee died before retirement, it is clear that the city is not obligated to pay both the retirement allowance under section 17.3 and the death benefits provided in section 18 in view of the provisions of the initial sentence of the fourth paragraph of section 17.3, which reads as follows: "The allowance payable under this Section 17.3 *shall be in lieu of the death benefit provided for in Section 18 of this Ordinance,* except for the accumulated additional contributions included therein, but a person qualifying for the allowance or such person's guardian may elect, before the first payment on account of it, to receive such death benefit in lieu of the allowance." (Italics added.) The language of this sentence, however, presents a problem as to priorities where the members of the decedent's family mentioned in section 17.3, and entitled to the allowance and benefits thereunder, are not the same as the designated beneficiary or beneficiaries entitled to the death benefit under section 18. ■ Accordingly, if the employee has named someone other than his surviving widow (or in the event that he dies without a surviving spouse, his unmarried children under 18 years of age) as his beneficiary under section 18, as is the situation in the instant case, then, by giving priority to section 17.3, the persons entitled to receive the monthly allowance under that section would be entitled either to the monthly allowance therein provided, or, at their election, to the death benefit payable under section 18 to the exclusion of the beneficiary designated in section 17.5. The effect of such election, moreover, would be that the persons mentioned in section 17.3 would be entitled to receive the lump-sum death benefit payment they would not otherwise be entitled to receive under section 18.

In view of the seeming inconsistency between sections 17.3 and 18, plaintiff argues that section 17.3 was intended to be effective only in the event that the person who is entitled to its benefit is the same person as is named by the employee as his beneficiary under section 17.5. We have determined

that this interpretation is erroneous and that the proper interpretation is that reached by the trial court and urged by defendant, namely, that section 17.3, when applicable, takes precedence over section 18. ■ We think it is apparent that the city, by the later enactment of section 17.3, intended to protect the member's widow and children under 18 years of age by guaranteeing that they should receive either the monthly allowance therein provided or the death benefit provided for in section 18 and giving them priority over any other designated beneficiary named in section 17.5. ■ We hold, therefore, that insofar as the provisions of section 18 are repugnant to section 17.3, they were superseded and repealed by implication by the enactment of section 17.3.

The conclusion reached by us is impelled by the literal interpretation of the language of section 17.3 which specifically states that "a monthly allowance . . . *shall* be payable" to the persons therein mentioned, and the language of said section that "The allowance payable under this Section 17.3 shall be *in lieu of the death benefit* provided for in Section 18 of this Ordinance. . . ." (Italics added.) The interpretation reached by us is reasonable, we believe, in view of this specific language and also in the light of the language of section 17.3 which permits the beneficiary qualifying under this section to elect to receive the death benefit provided in section 18 without qualification or limitation.

The restrictive interpretation urged by plaintiff that section 17.3 contains an implied condition to the effect that its terms are applicable only in the event that the beneficiary which it names is the same person as the beneficiary named by the deceased employee pursuant to section 17.5 is a strained construction and would require us "to insert what has been omitted" and "to omit what has been inserted" in direct violation of Code of Civil Procedure section 1858, which plaintiff herself cites as the rule for construing a statute or instrument. Furthermore, the rule of construction that "where there are several provisions or particulars, such a construction is, if possible, to be adopted as will give effect to all" (Code Civ. Proc., § 1858) favors the interpretation claimed by defendant. By giving priority to the widow's claim under section 17.3, section 18, contrary to plaintiff's contention, does not become a nullity. Rather, its provisions are effective in the event that the deceased employee has not at the time of his death qualified for retirement, or in the event that none of the limited class of beneficiaries under section 17.3 is in

existence at the time of the employee's death. It is apparent that the occurrence of either of these contingencies would not be uncommon. On the other hand, were we to accept plaintiff's construction of the ordinance, section 17.3 would be a nullity not only in the situation in which the deceased employee had, under section 17.5, nominated as a beneficiary a person other than the members of his family designated in section 17.3, but also in those cases in which the employee had failed to nominate any beneficiary at all under section 17.5 which provides that "A member *may* nominate a beneficiary to whom the death benefit . . . shall be payable. . . ." (Italics added.) In view of the provisions of section 18 that if no beneficiary is named, the death benefit shall be payable to the persons entitled thereto pursuant to the summary probate proceedings provided in Probate Code section 630, if said section is applicable, "otherwise to his estate," plaintiff's suggested interpretation that section 18 supersedes section 17.3 would require that where no beneficiary was nominated the summary probate proceedings or the estate of the deceased employee would have priority over the rights of the deceased employee's widow or his minor children under 18 years of age to the payments provided for in section 17.3.

In support of her claim plaintiff also argues that there is nothing in the language of section 17.3 which indicates that it was intended to be given priority over sections 17.5 and 18. In an attempt to show that section 17.3 is, in effect, subject to section 18, plaintiff cites the provision of section 17.3 which states as follows: "Upon the death before retirement of a member who is qualified for service retirement . . ., and on account of whose death the benefit provided for in accordance with this Section 17.3 *is otherwise payable. . . .*" (Italics added.) Plaintiff contends that this language must be read in conjunction with section 18 and that "in order for the allowance to be 'otherwise payable' the person claiming it must also be the designated beneficiary." The fallacy of this argument is that the paragraph of section 17.3 which contains this sentence at no point refers to section 18 in order to determine when the benefit is "otherwise payable." On the other hand, the quoted language itself refers to section 17.3 as the controlling provision to determine whether the allowance is "otherwise payable." In other words, this language simply refers to the fact that in order for the allowance provided for under section 17.3 to be payable, the employee must not only have qualified for retirement prior to his death, but there must

also be a qualified claimant for this allowance, and this claimant must not have elected to receive the lump-sum death benefit in lieu of the monthly allowance. Only if these two factors are present is the section 17.3 monthly allowance ''otherwise payable.''

Our conclusion that the city intended to give to the surviving spouse, or unmarried children under 18 years of age, qualifying under section 17.3, priority over the beneficiary whom the employee designated pursuant to section 17.5 is buttressed by certain language of section 18.15, which deals with optional settlements. ██ Under each of the optional settlements provided for in this section the recipient of the allowance after the employee's death is the employee's designated beneficiary. This right of the employee to elect an optional settlement, however, is qualified by the following provision of section 18.15: ''If such a. member at the time of making the election has a living spouse who would qualify for an allowance under Section 17.3 of this Ordinance, the election under this Section 18.15 shall be invalid and of no effect unless and until the consent of such spouse to it is filed at the office of the Retirement System.'' This language clearly indicates the city's intent to give preference to the surviving widow's allowance under section 17.3 over the claim of the designated beneficiary under section 18.15.

Plaintiff's other arguments in support of her position are in essence policy arguments, which she advances not so much for the purpose of persuading this court that her interpretation of the ordinance is the proper one, but more for the purpose of convincing us that various public policies, including community property principles, do not compel a result contrary to her position. One of these contentions is that defendant is not entitled to a portion of the death benefit by virtue of the community property laws of this state; another that ''public policy'' and ''basic law'' require that a person be allowed to dispose of his property according to his own choice ''unhampered by vested interest of any third party''; and finally, that ''changes in a pension plan which result in a disadvantage to the employees should be accompanied by a comparable new advantage.'' We need not dwell at length upon these contentions since our decision, rather than being based upon the application of community property principles or upon considerations of public policy, rests upon the interpretation of the ordinance itself.

Plaintiff's argument that by allowing a widow to receive

benefits in lieu of the designated beneficiary, an employee is denied the right to leave his property to whomever he chooses is unsupported by citation of authority. Although the cases which have involved pension plans for a deceased employee's widow and family are numerous, none has been cited to us, nor are we aware of any, where it has been urged that a pension plan deprives the employee of some basic right with respect to the disposition of his property. We here note, moreover, that it has been held that one of the major purposes of a pension plan is to provide economic security to the family of the employee. (*Cordell* v. *City of Los Angeles,* 67 Cal.App.2d 257, 266 [154 P.2d 31]; *Eichelberger* v. *City of Berkeley,* 46 Cal.2d 182, 188 [293 P.2d 1]; *Cottam* v. *City of Los Angeles,* 184 Cal.App.2d 523, 525 [7 Cal.Rptr. 734, 85 A.L.R.2d 238].)

 The contention that the 1959 amendments took away an employee's right to designate his beneficiary and, therefore, gave the employee no comparable new advantage (see *Allen* v. *City of Long Beach,* 45 Cal.2d 128, 131 [287 P.2d 765]), is untenable since these amendments to the subject ordinance did in fact provide the employee with additional advantages. These advantages consist of the provisions of sections 17.2 and 17.3 by which a monthly allowance is payable to the family of a qualifying employee. Under such an arrangement, provision is made for the employee's family for an indefinite period of time, the payments are periodic rather than in a lump sum, and the amount which is payable by reason of the employee's death has the potential of exceeding the amount payable under sections 18 or 18.2. In addition to these potential advantages derived from the 1959 amendments to the ordinance, there may well be other provisions of the ordinance which were added or changed in 1959 and which provide additional advantages to the members of the system. However, since the text of the ordinance which plaintiff introduced in evidence does not indicate which changes were made to this ordinance in 1959, we cannot fully analyze these changes. It would seem, therefore, that if plaintiff were seriously urging this point, she would have provided both the trial court and this court with the factual and documentary material necessary to resolve such an issue since the burden is upon her to establish the invalidity urged.

The judgment is affirmed.

Sullivan, P. J., and Sims, J., concurred.