**Valeria F. REDMANN, Plaintiff and Appellee,**

v.

**Earl L. REDMANN, Defendant and Appellant.**

**Civ. No. 10936.**

Supreme Court of North Dakota.

Nov. 21, 1985.

James A. Wright, of Hjellum, Weiss, Nerison, Jukkala, Wright & Paulson, Jamestown, for plaintiff and appellee.

Georgia M. Pope, Jamestown, for defendant and appellant.

VANDE WALLE, Justice.

This is an appeal by Earl Redmann from a district court judgment awarding reinstatement of alimony payments to be paid by Earl to Valeria Redmann as provided for in an original divorce decree. We affirm.

Earl and Valeria were divorced on May 23, 1977. The divorce judgment provided alimony to Valeria of $500 per month "for a period of ten (10) years or until the plaintiff [Valeria] dies or remarries."

Valeria entered into a second marriage on March 18, 1983, but that marriage was declared invalid by a Montana court decree on March 30, 1984. The basis for the annulment was fraud by Valeria's second husband who failed to disclose to her that he had been previously married twice rather than once as he had represented to her. Following the annulment of her second marriage, Valeria requested the district court to order reinstatement of her alimony payments from Earl. The district court, after holding a hearing on the merits, entered its judgment ordering reinstatement

of the alimony payments from which Earl has filed this appeal.[1]

On appeal, Earl raises the sole issue of whether or not Valeria, under the circumstances, is entitled to reinstatement of her alimony payments.

The issue of whether and under what circumstances the annulment of a later marriage may result in the revival or reinstatement of a prior husband's obligation to provide alimony has produced varying results supported by conflicting rationales. See Annot., *Annulment of Later Marriage As Reviving Prior Husband's Obligations Under Alimony Decree or Separation Agreement,* 45 A.L.R.3d 1033 (1972). However, this court has had an opportunity to rule on an analogous issue in *First National Bank in Grand Forks v. North Dakota Workmen's Compensation Bureau,* 68 N.W.2d 661 (N.D.1955), and we believe the rationale and conclusion in that case is dispositive of this one.

In *First National, supra,* the Workmen's Compensation Bureau (the Bureau) made support payments to the incompetent daughter of a deceased employee until the daughter was married. That marriage was subsequently annulled and payments were resumed from the date of the annulment. The issue before the court was whether or not support payments should have been reinstated by the Bureau from the date of the marriage ceremony. In concluding that the daughter was entitled to reinstatement of payments "as though no marriage ceremony ever took place," the court stated:

> "It is generally held that a decree of annulment has the effect of avoiding the marriage from the beginning.
>
> "... We follow the rule and hold that the decree of annulment made the marriage void ab initio." [Citations omitted.] 68 N.W.2d at 664–665.

The marriage in *First National, supra,* as in this case, was a voidable marriage. The court concluded that an annulment of such a marriage has the effect of making it void from its inception as if no marriage had occurred and that the former recipient of support payments from the Bureau was therefore entitled to reinstatement of those payments.

Earl asserts that a case such as *First National, supra,* which involved reinstatement of support payments by the Bureau, is distinguishable from a case which involves reinstatement of alimony payments. We disagree. The holding in *First National, supra,* is based upon a determination by the court that an annulment renders a marriage void from its inception. That rationale is equally applicable to this case, with the result that payments, be they alimony or statutory support payments which have ceased as a consequence of the marriage ceremony, be reinstated as a consequence of the annulment. Earl has failed to demonstrate any factor, equitable or otherwise, which would require a different result in this case from the result in *First National, supra.*

■ We conclude that the rationale of the court in *First National, supra,* is controlling in this case. Accordingly, we hold that the annulment of Valeria's second marriage rendered that marriage void ab initio, as if the remarriage had not occurred, thereby entitling her to reinstatement of alimony payments from Earl.

■ Although neither party has referred to Section 14–04–05, N.D.C.C., we would be remiss if we did not briefly discuss the potential applicability of that provision to this case, which provides:

> "*14–04–05. Effect of judgment.* A judgment of nullity of marriage rendered is conclusive only as against the parties to the action and those claiming under them."

The provision quite clearly expresses that a judgment of annulment is not conclusive upon third parties but can be collaterally

---

1. The judgment ordering reinstatement of the alimony payments provided that Earl "shall not be required to make any alimony payments from March of 1983 until March of 1984." That period represents the time between Valeria's remarriage and the date that marriage was annulled. Valeria has not filed a cross-appeal, and we therefore need not decide whether reinstatement of alimony payments prior to March 1984 would have been appropriate.

attacked by them. An identical California statute has been so interpreted by the courts of that State. See *Cottam v. City of Los Angeles*, 184 Cal.App.2d 523, 7 Cal. Rptr. 734 (Cal.Ct.App.1960); *Price v. Price*, 24 Cal.App.2d 462, 75 P.2d 655 (Cal.Ct.App. 1938). See also *Pearsall v. Folsom*, 138 F.Supp. 939 (N.D.Cal.1956). In this case, Earl did not directly attack the validity of the Montana annulment; he did not prove and the trial court did not conclude that the annulment was invalid under North Dakota law as against third parties. Consequently, that issue, as well as the applicability of Section 14–04–05, N.D.C.C., to a case such as this, is not before us on this appeal.

In accordance with this opinion, the judgment of the district court is affirmed.

ERICKSTAD, C.J., and LEVINE, GIERKE and MESCHKE, JJ., concur.